THOMAS MOORE, PLAINTIFF IN ERROR, VS. THE STATE .OF FLORIDA, DEFENDANT IN ERROR.

Defendants jointly indicted for a felony may be arraigned either separately or together. even though no severance has been granted.

Writ of error to the Criminal Court of Record for Duval County.

### STATEMENT.

On the eighteenth of June, 1901, an information was filed in the Criminal Court of Record of Duval county against Thomas Moore, Henry Sloan and M. Q. Anthony, containing two counts: the *first* charging them with the larceny of certain property of the value of $26.16 of the goods, chattels and property of Armour & Co., a corporation, &c.; and the *second* charging that the same parties "feloniously did have, receive, buy and aid in the concealment of the same property" before that feloniously stolen, taken and carried away.

The record shows that on the eighteenth day of June, 1901, "came the defendants Thomas Moore and Henry Sloan, each in their own proper person, and upon being duly arraigned in open court, to this information pleaded not guilty, and it was ordered that the defendants Thomas Moore and Henry Sloan be remanded to the custody of the sheriff to await the further action of the court, and that this cause be continued for the term," and that "on the twenty-sixth day of June, 1901, the defendants Thomas Moore, Henry Sloan and M. Q. Anthony, each being personally present in open court, on motion of the State it is considered by the court that a severance be

and the same is hereby granted in this cause as to the defendants Tom Moore and M. Q. Anthony." The defendants Tom Moore and M. Q. Anthony were thereupon placed on trial, and a trial had, and the jury returned the following verdict: "We, the jury, find the defendant Thomas Moore guilty as charged in the first count, and M. Q. Anthony guilty as charged in the second count."

On the twenty-ninth day of June, 1901, the defendant Thomas Moore moved in arrest of judgment as follows: That the court do not pronounce sentence or judgment because an inspection of the record shows that these defendants were jointly indicted and tried, and that defendant Anthony was not arraigned, nor did he plead to said information, and that there was no issue joined. This motion was denied and the defendant Moore excepted to the ruling. Moore was then sentenced to the State prison for twelve months, and from this sentence and judgment he sued out a writ of error from this court.

*Geo. U. Walker,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

PER CURIAM.

The sole assignment of error is "that the court erred in denying the motion of plaintiff in error in arrest of judgment." The contention of the attorney for the plaintiff in error is that where several defendants are jointly indicted they must be araigned together, unless there is, prior to placing them at the bar, a severance ordered and entered of record. The authorities cited by counsel in support of the proposition have been examined and found

not to support it. The apparent authority to the contrary contained in a statement found in I Chitty's Criminal Law, 418, when traced to its source has no application. The correct rule is given by Mr. Bishop (1 New Crim. Proc. section 729) as follows: "Persons jointly indicted may be arraigned separately, or what is more common, together. Yet each is asked whether he is guilty or not, and his answer constitutes his plea." The purpose of an arraignment is to establish the identity of the accused, to acquaint him with the charge, and to obtain his answer or plea, and if he advises himself and answers the accusation by plea he waives such formalities, which are mere preliminaries to that result. Dixon v. State, 13 Fla. 631. The record in this case shows that no objection was made by plaintiff in error to the method of his arraignment, or that his codefendant was not arraigned, before trial, and in our judgment the assignment of error is not well taken, and the judgment should be affirmed.