ARCHIBALD LIVINGSTON v. STATE.

152 So. 205.

Opinion Filed December 29, 1933.

392

J. B. Hodges, R. C. Horne, J. McHenry Jones, Lester Summersill and Doggett, McCollum, Howell & Doggett, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Roy Campbell, Assistant, for the State.

DAVIS, C. J.—On February 3, 1933, this Court filed its opinion and entered its judgment reversing the conviction and sentence of plaintiff in error and awarding him a new trial. The transcript shows that pursuant to an order granting a change of venue, plaintiff in error's trial was had in the Circuit Court of Lafayette County on an indictment returned in Madison County for an offense charged as having been committed in Madison County. But in this Court's opinion filed February 3, 1933, this Court found that the first error complained of was committed by the trial court in Madison County and for that reason the Clerk of this Court in issuing this Court's mandate on the judgment of reversal, directed the mandate to the Circuit Court of Madison County where the indictment was found instead of to the Circuit Court of Lafayette County where the trial was had, the verdict returned, the judgment of conviction entered and the court's sentence imposed.

Acting on the Attorney General's motion to recall the mandate from Madison County as having been erroneously directed and sent to that county, the mandate has been recalled and the proposition is now before this Court to con-

sider the entry of an order directing where the mandate should go in view of the·finding of this Court that the first error for which the judgment was reversed was committed in Madison County prior to the defendant's application for a change of venue.

The mandate of an appellate court remitting the cause to the lower court is the official mode of communicating its' judgment to the inferior tribunal. In a case in which the appellate court reverses a judgment and remands the cause to the lower court for further proceedings, the mandate must be issued and directed to the court whose judgment has been reversed, and where the judgment was rendered in a county other than the one in which the cause originally was instituted, by reason of a change of venue, the mandate should be issued and directed to the court of the county wherein the judgment was rendered and the writ of error was issued and after such mandate is lodged in that county, the lower court is left free to make any order or directions in further progress of the cause, not inconsistent with the decision of the appellate court, including the right to remand the cause to the county from which the venue was changed, in cases where such remand is moved, because the first error sustained by the decision of the appellate court was committed in the county of original jurisdiction prior to the granting of the change of venue. This is so because the mandate operates upon the judgment appealed from, and therefore should be lodged in the county where the record of such judgment exists.

In the present case the first error found to have been committed by the trial court was its error in disposing of certain of defendant's pleas in abatement without a jury trial of the issues of fact raised thereby. This error was committed in Madison County. It occurred before any motion for change of venue was either made or granted.

Upon remand of this case to the Circuit Court pursuant to this Court's mandate, the cause will stand for trial on the issues of fact raised by the pleas in abatement interposed to the indictment on the ground of irregularities in the preparation and preservation of the jury lists out of which the Grand Jury was drawn. See Livingston v. State, 108 Fla. 193, 145 Sou. Rep. 761.

Therefore while the mandate in this case must go to the county wherein the judgment was rendered and the writ of error was issued, it would be appropriate for the Circuit Court of Lafayette County, upon motion therefor, to remand the cause to Madison County for trial of the issues raised by the pleas in abatement, unless such remand be waived by the parties, and a trial of the collateral issues had in Lafayette County by consent.

It is ordered that the mandate of this Court pursuant to the opinion herein filed on February 3, 1933, be reissued and sent to the Circuit Court of Lafayette County with directions to have such proceedings thereon as may be in accordance with law.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.