EX PARTE: ARCHIBALD LIVINGSTON.

156 So. 612.
Opinion Filed September 26, 1934.

*Davis & Davis* and *R. C. Horne,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell, contra.*

ELLIS, J.—In Madison County, Florida, about four years ago Archibald Livingston, recent President and Director of the Citizens Bank of Madison, of Madison County, Florida, was indicted for an offense described in the indictment as unlawfully, fraudulently and wilfully misapplying certain of the moneys, funds and credits of the Citizens Bank of the value of five thousand dollars of the property of the bank, the said Livingston being then and there President and Director of the bank, which was a banking corporation existing and doing business under the laws of Florida. It was alleged that Livingston's intention was to injure and defraud the banking corporation and some other persons unknown.

The indictment then alleges the means by which he accomplished the alleged misapplication of the bank's funds. It is alleged that on February 26, 1929, Livingston, by virtue of the control he had as President and Director of the bank over the bank funds, issued a bank draft on the Citizens and Southern National Bank of Aalanta for the sum of seven thousand dollars payable to the Atlantic National Bank of Jacksonville; that on direction of Livingston the proceeds of the check which were paid were applied to a debt due by Livingston to the Atlantic National Bank, which debt was evidenced by his promissory note. It is alleged that by that transaction Livingston became indebted to the Madison Bank in the sum of seven thousand dollars and instead of repaying it all he placed among the assets of the Madison Bank, without the consent of the corporation or its directors and without their knowledge, a certain

promissory note for the sum of five thousand dollars executed by A. Livingston, Jr., on March 11, 1929; that the maker of the note was the son of the accused; that he was insolvent and which fact was known to the accused. It is alleged that the note was placed among the assets of the bank with the fraudulent purpose of converting the five thousand dollars "hereinbefore alleged to have been misapplied" and that the entire sum was lost to the bank.

The indictment contained three counts. Livingston was tried on the third count and convicted. A writ of error to the judgment resulted in a reversal with directions to "grant a new trial, and have such other proceedings as may be according to law."

The third count of the indictment is set out in full in the reported case. See Livingston v. State, 108 Fla. 193, 145 Sou. Rep. 761.

A brief history of the case, in so far as the procedure is material to the consideration of the questions presented, is as follows: Upon arraignment the defendant pleaded in abatement to the indictment. The trial court proceeded to try the pleas without any issue of law or fact presented. He examined and considered record evidence outside the records of the case. The court assumed an issue of fact to exist on the pleas and tried that issue without a jury. The Supreme Court held that procedure to be erroneous. That it was substantial error there is no question, because assuming that the pleas were sufficient in law to invalidate the indictment the accused was entitled to the trial of the issue of fact by a jury in the absence of a demurrer to the plea.

The trial court overruled the plea or held it to be not proved or made some order concerning it which removed it from among the defendant's resources in this prosecution.

After the plea in abatement was disposed of Livingston applied for a change of venue from Madison County to Lafayette County. The case came on for trial in Lafayette County and Livingston was convicted and judgment and sentence were entered against him. To that judgment Livingston took a writ of error and the same was reversed as stated above. See Livingston v. State, *supra*.

The opinion was filed on February 3, 1933. Through an error the mandate was sent to Madison County instead of to Lafayette County, so about ten months later this Court ordered the mandate to be reissued and sent to the Circuit Court of Lafayette County. See Livingston v. State, 113 Fla. 391, 152 South. Rep. 205.

The last order was made December 29, 1933. Thereafter, at a special term of the court held in Lafayette County, the court remanded the case to Madison County on the petition of accused.

The State Attorney demurred to the pleas in statement which demurrer was sustained, after which the court ordered the case to be sent back to Lafayette County. All of that procedure was taken over the defendant's objection. At a special term of the court held in Lafayette County on July 16, 1934, Livingston moved the court to remand the case to Madison County which motion was denied. He thereupon caused to be filed in that court a document entitled "Defendant's objections to arraignment." The ground of the objection is that he should be arraigned if at all in Madison County because his former conviction was reversed by the Supreme Court of Florida for "error committed by the court prior to said original arraignment." The motion states that the defendant's plea in abatement was filed "prior to said former arraignment and plea of not guilty;" That the Supreme Court in reversing the judg-

ment of conviction ordered the case to be remanded from Lafayette County to Madison County for the purpose of determining the plea in abatement in the latter county, after which the judge of his own motion and over the objection of the defendant and without application by the defendant or the State Attorney or any showing made by either party and before the defendant was rearraigned remanded the cause from Madison to Lafayette County. In that state of facts the defendant insists that he should not have been arraigned upon the indictment again in Lafayette County, but that he should be arraigned in Madison County.

The defendant also submitted a special plea in abatement, the basis of which was that as the conviction of defendant had been reversed by the Supreme Court, which Court had directed the cause to be remanded on motion of the parties from Lafayette County to Madison County for the purpose of trying the issues of fact presented by the plea in abatement before there was a change of venue and as the Lafayette Court remanded the case to the Madison Court, which heard the State's demurrer to the pleas in abatement and sustained the same, the cause should not have been remanded then to Lafayette County which was a change of venue for trial on the merits before defendant had been rearraigned and over his objection; that the defendant had asked for no change of venue since the judgment had been reversed by the Supreme Court, nor had the State applied for such change of venue, but that the Judge of the Madison Court of his own motion and, as it is alleged, contrary to the rights of the defendant changed the venue from Madison to Lafayette, wherefore, it was claimed that the Circuit Court of Lafayette County had no jurisdiction to try the case but the Circuit Court for Madison County had such jurisdiction.

The defendant also moved the court to remand the cause to Madison County on the ground that the Circuit Court for Lafayette County had no jurisdiction to proceed in the trial of the cause because the case was transferred from Madison County after the Supreme Court decision to Lafayette County on the court's own motion; the defendant's consent had not been obtained, the cause had been remanded from Lafayette County to Madison County pursuant to the suggestion of the Supreme Court after the demurrer had been sustained to the plea in abatement; neither the State nor the defendant had moved for a change of venue, nor does it appear that an impartial duty could not be obtained in Madison County; that the defendant has a constitutional right in the circumstances to be tried by a jury in Madison County; that the defendant has not pleaded to the indictment since the court sustained the demurrer to the pleas in abatement and the order retransferring the case to Lafayette County for trial was made before the defendant pleaded to the indictment in bar.

The defendant, Archibald Livingston, applied to this Court on the 18th day of August, 1934, for a writ of habeas corpus. The petition was made by Mr. Horne in behalf of the accused. The petition set out the facts as above recited and alleges that the case came on for trial in Lafayette County on July 16, 1934, and at the close of the testimony the State elected to rest its case upon the third count of the indictment. The accused was convicted and gave notice of a motion for a new trial and an appeal. The motion for a new trial was overruled on August 11, 1934, and supersedeas bond fixed at the penal sum of four thousand dollars. Judgment was entered against the defendant and sentence imposed. To that judgment the petition alleges the

accused took a writ of error returnable to the court on November 7, 1934.

Cullen W. Edwards is the Clerk of the Circuit Court for Lafayette County. One of the bondsmen offered was a son of the Clerk wherefore the Judge of the Court undertook to pass upon the sufficiency of the sureties and continued the hearing as to the sufficiency of the sureties and directed the sheriff to hold the prisoner, Livingston, in jail in Lafayette County until a sufficient bond was presented to the court and did not approve the bond tendered. The petition alleges that affidavits were submitted as to the value of land described by two of the bondsmen, copies of such affidavits are attached to the petition.

It is alleged that the judge entered an order adjudging the defendant insolvent.

Now the petitioner contends that all these matters considered the accused is now being unlawfully restrained of his liberty because, in the first place, the indictment fails to charge an offense known to the laws of Florida and any subsequent indictment which may be returned hereafter will be barred by the statute of limitations; second, the Circuit Court for Lafayette County was without jurisdiction to try Livingston on the indictment; third, the court's refusal to permit Livingston to give a supersedeas bond with sureties who owned no real estate in Lafayette County but owned that kind of property in Madison County was a denial of the rights of the accused under Section 9 and 12 of the Declaration of Rights, Constitution of Florida, and the due process clauses of the Constitution of the United States; fourth, that the action of the court denying to the clerk the power to approve the supersedeas bond was a violation of Section 8466 C. G. L. 1927, as was also the arbitrary witholding by the judge of his approval of the super-

sedeas bond. Affidavits attached to the petition by certain parties expressed the opinion of the affiants that the lands listed by two of the bondsmen were of a value equal to the penalty of the bond.

The judge of the court, however, declined to approve the sureties and set out in an order attached to the petition the reason why he declined to approve the bond. It was based upon his knowledge of the character of lands which the bondsmen described as owned by them and as evidence of their financial responsibility as well as the judge's knowledge of the outstanding and unpaid obligations by way of taxes resting upon the lands.

This Court undoubtedly decided that the trial court in Madison County erred when it undertook to try the plea in abatement by considering record evidence outside the records of the case when no issue of fact was presented. While there is an intimation in the opinion that the pleas were demurrable because they did not meet the standard of certainty required of pleas in abatement, the writer of the opinion even stating that the "pleas should have been demurred to on the ground that they did not negative the recording of the (jury) lists."

Those pleas are not set out in the opinion, besides it was the State's privilege through and by its Attorney to go to trial on an issue of fact presented by the plea rather than raise a technical objection to the plea as wanting in a certain negation of some other fact. The point is the defendant had presented a plea in abatement to the indictment and on issue joined had a constitutional right to a trial of that issue by a jury if it presented a matter *in pais* and that right could not be taken away from him by any judge except by due process of law. See Woodward v. State, 33 Fla. 508, 15 South. Rep. 252.

It does appear from the opinion that the issue to be tried was one of record and one which under authority of the Woodward case, *supra,* the court may have tried without a jury, which he did, but the court held nevertheless that it was error for the trial court to try the plea on evidence outside the record of the case. So that ruling became the law of that case.

That being true, all else in the opinion was unnecessary to the decision. There cannot be a trial on the merits when there is on file a plea in abatement to the indictment on which the accused has a right to a trial by jury. If the fact should be found by the jury to be as alleged in the plea the indictment should be quashed, so after finding that the court erred in not trying the plea in abatement it was unnecessary to discuss other alleged errors.

The judgment was reversed for the errors pointed out in the opinion and the cause remanded "with directions to grant a new trial, and have 'such other proceedings as may be according to law."

After holding that the Court erred in trying the plea in abatement an order to grant a new trial was a supererogatory direction because if the trial of the issue on the plea in abatement either in law or in fact should have resulted for the defendant there would have been no trial as indeed there was none in the light of the constitutional privileges of the accused so long as the plea in abatement which attacked the validity of the indictment had not been disposed of in accordance with the requirements of law. So it follows that every act of the court, every order made in the case, including the change of venue to Lafayette County was without authority of law and void after the trial court denied to the accused his constitutional right to a jury trial on the issue of fact presented by the plea in abatement.

This Court held that act of the trial court to be erroneous and the plea is not set out in full in the opinion so it is impossible to say what was in the mind of the appellate court when it suggested that the State should demur to the plea. In any event the State Attorney may have had different views about the plea and preferred to take issue on the averment of fact but the trial court intervened probably from a desire to save expense and the time of the court and proceeded, as this Court said, to "determine the two pleas on evidence outside the record of the case," which it said was erroneous.

However erroneous that statement of itself may be the fact remains that it was decided by this Court to be error. If it was error then the accused had a right to a trial of the issue of fact so presented by a jury and to deny him that right was to deny him a fair trial and his right to due course of law without sale or denial. All other matters including the one hundred and four grounds of the motion for a new trial need not to have been considered as it was unnecessary to a decision of the case and was of no binding effect either upon the trial court or this one. So the error made by this Court in sending the mandate to Madison County was a natural one as the order for which the judgment was reversed was made in that County.

In correcting that error later this Court suggested that it would be "appropriate" for the Circuit Court of Lafayette County to remand the cause for trial of the issues raised by the pleas in abatement "upon motion therefor." The suggestion was qualified by the statement that by consent of the parties the trial of the collateral issues could be held in Lafayette County. Livingston v. State, 113 Fla. 391, 152 South. Rep. 205, *supra*.

That point, however, was not waived and the cause was

remanded to Madison County upon the request of both the defendant and the State Atorney. It is of interest to note the words in which the order was framed. The order recites, according to the court minutes, that the motion was to "remand the cause to Madison County, Florida, for trial on the issues raised by the pleas in abatement filed by the defendant in this cause, or for such other action or procedure as may arise in the disposition of said pleas in abatement and a final adjudication of said cause." The order directed the cause to be remanded to the Circuit Court for Madison County "and that such other and further proceedings will be had in said cause in said Madison County, as is required by the directions of the Supreme Court as given in the opinion mentioned heretofore, and in accordance with the law in such cases made and provided."

. Pursuant to that order the cause was retransferred to Madison County where the State Attorney demurred to the pleas in abatement and the demurrer was sustained by the court. Whether such procedure was error or not it is not necessary to determine in this case, unless indeed counsel insist that the court had no power to entertain a demurrer to the pleas. The language of the Supreme Court should not be taken so literally. There was no purpose on the part of the court to mandatorily require a trial by jury of the issues of fact raised by the pleas in directing the cause to be remanded to "Madison County for trial of the issues raised by the pleas in abatement."

The petition, however, questions the jurisdiction of the Circuit Court for Lafayette County because the petitioner says that the cause was transferred to that county after the court had erroneously disposed of the plea in abatement, so that when the judgment rendered in Lafayette County was reversed and the cause returned to Madison County to

dispose of the issues presented by the pleas in abatement all proceedings from that point were annulled and set aside, including the petitioner's application for a change of venue.

Much time had passed since that application was made. The defendant had under the Constitution a right to a trial in Madison County, see Section 11, Declaration of Rights, Constitution, and he protested against such removal of the cause in a written objection to another arraignment on the indictment in Lafayette County.

The action of the court in transferring the case again to Lafayette County was erroneous. It amounted to a change of venue over the defendant's objection and without any showing from the State that a fair trial could not then be obtained in Madison County.

Four years had passed since the indictment had been returned against the petitioner and five years since the commission of the offense as alleged. Some years before he had moved for a change of venue and obtained it. He was tried and judgment of conviction entered against him, but that judgment was reversed because before he pleaded not guilty, before he moved for a change of venue, the Madison Court had committed a substantial error in disposing of a plea in abatement in which he had attacked the legality of the indictment. The accused had a right to start at that point. He had a right to have that question determined and if it should be decided against him then to go on from there with the case.

The accused was arraigned once. That was enough. The purpose of an arraignment is to identify the accused and give him an opportunity to plead and to inform him of the nature of the accusation against him. See Moore v. State, 44 Fla. 146, 32 South. Rep. 795; 2 Stand. Ency. of Proc. 864.

When the case was sent back to Madison County and the issue raised by the plea in abatement had been determined against the accused it was unnecessary to arraign him but he did have the right and should have been required to plead again to the indictment in Madison County. Instead of that the former application for a change of venue and the order of the court changing the venue were taken as still in effect. We think that was erroneous because all pleas, orders and proceedings following the erroneous disposal of the plea in abatement were automatically vacated and set aside because the accused had a right to have his trial and the proceedings in the case to begin at the correct disposal of his plea in abatement. It is no argument affecting his rights that the costs entailed by these errors and the complicated tangle into which the proceedings were drawn run the cost of this prosecution to a sum out of all reason and proportion.

The judgment of conviction was reversed. It became therefore a nullity. The defendant was restored to his original position; that is: the plea in abatement to the indictment in Madison County. The case was not then at issue on the merits, not even at issue on the plea in abatement. There could be no change of venue before the cause is at issue. The purpose of a change of venue is to get an impartial jury. Before an issue of fact it cannot be known that there will be a trial by jury. See 27 R. C. L. 825.

The reversal of the judgment nullified it completely. It left the case standing as if the judgment had not been rendered. South Fla. Lumber & Supply Co. v. Read, 65 Fla. 61, 61 South. Rep. 125; Camp v. First Nat. Bank of Ocala, 44 Fla. 497, 33 South. Rep. 241; 4 C. J. 1204; Capital City

Bank v. Hilson, 64 Fla. 206, 60 South. Rep. 189; 11 Ency. P. & Prac. 1076.

The judgment of reversal rested upon the error committed in disposing of the plea in abatement. The effect of the reversal of the judgment therefore restored the accused to the point where that error was committed. After that the cause should have proceeded in due course of law. The remanding of the case to Lafayette County by the court upon its own motion after disposing of the plea in abatement was without authority and evidently rested upon the former application for a change of venue and order thereon made several years before. But those proceedings were annulled by the reversal of the judgment in this case, which necessarily held that all proceedings subsequent to the plea in abatement and the erroneous disposal of that plea became *ipso facto* void and of no effect.

That being true, the Lafayette County Circuit Court in which the petitioner was again tried over his protests had no jurisdiction to try the case. Jurisdiction of a court to try a person charged with crime and enter a judgment of conviction and sentence may be inquired into in habeas corpus when the petitioner is restrained of his liberty under such conviction. *Ex Parte* Davidson, 76 Fla. 272, 79 South. Rep. 727; Sims v. State, 26 Fla. 97, 7 South. Rep. 374; Thorpe v. Smith, 64 Fla. 154, 59 South. Rep. 193; Porter v. State, 62 Fla. 79, 56 South. Rep. 406.

Want of jurisdiction over person or subject matter is always ground for relief on habeas corpus. See 29 C. J. 30. Which includes want of jurisdiction to render the particular judgment. See note 17, 29 C. J. 31.

The order of the Supreme Court in sending the mandate to the Circuit Court for Lafayette County should not have been construed as directing that court to proceed with the

trial of the case on its merits in the event of a disposal of the plea in abatement against the accused.

Our conclusion is that the petitioner is illegally restrained of his liberty under the judgment of conviction in the Circuit Court for Lafayette County, but as there appears to be an indictment against him pending in Madison County the sheriff of Lafayette is directed to deliver the petitioner to the sheriff of Madison County to answer to that indictment in due course of law.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.