281 So.2d 507 (1973)
Leo Charles SCHUTY a/K/a Leo Welch, Appellant,
v.
STATE of Florida, Appellee.
No. R-1.
District Court of Appeal of Florida, First District.
August 23, 1973.
Joseph A. St. Ana, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
WIGGINTON, Acting Chief Judge.
Defendant has appealed an order denying his motion for discharge predicated upon the ground that he has been denied a speedy trial as provided by Rule 3.191, Rules of Criminal Procedure, 33 F.S.A. Since an appeal from this type of order is not authorized, we treat the notice of appeal as a suggestion for writ of prohibition and proceed to dispose of the case on that basis.
*508 Appellant and two codefendants were charged by information filed in the Criminal Court of Record of Duval County with numerous offenses including receiving stolen property and breaking and entering with intent to commit grand and petit larceny. During pretrial proceedings the court, on motion of the defendants, ordered the State to divulge the name of the confidential informer whose information formed the basis for probable cause on which the search warrant in the case issued. Because of the refusal by the State to comply with this order, an order was rendered by the court dismissing the information and discharging the defendants. From this order of dismissal the State appealed to this court pursuant to the applicable provisions of law.[1] Upon review, this court reversed the trial court's order of dismissal and remanded the case for further proceedings.[2] The court's mandate on that appeal issued on June 30, 1970. It is noted that appellant was actively represented by privately employed counsel at all stages of the proceeding prior to, during, and subsequent to the appeal in this court.
The record reveals that following the going down of this court's mandate no further steps in the prosecution of this case were taken by the state attorney during the next ensuing 15 months, as a result of which appellant filed in the cause on September 27, 1971, a motion for discharge on the ground that the State had failed to afford him a speedy trial in accordance with the requirements of Rule 3.191, Rules of Criminal Procedure. No demand for a speedy trial had theretofore been made by appellant. After several adjournments a hearing on the motion was held by the court on November 30, 1971, resulting in an order denying appellant's motion for discharge, which order was not rendered by filing with the clerk for recording until February 10, 1972. The order of denial recited as grounds in support thereof that appellant Schuty was at large and had never appeared in that court to present himself for trial.
The record reflects that appellant posted an appearance bond and had been released on bail following his arrest and prior to the dismissal of the information against him by the trial court in 1969. It is appellant's position that upon the going down of this court's mandate on June 30, 1970, he continued in the constructive custody of the court and was at all times thereafter available for trial and actively represented by privately employed counsel in defense of the reinstated charges pending against him. No action looking to the estreature of his bond was ever initiated insofar as is disclosed by the record before us. Although a capias for appellant's arrest appears to have been issued following reversal of the order of dismissal, no attempt to rearrest him or inquire as to his whereabouts from his counsel of record was ever made.
Appellant relies on that provision of the speedy trial rule adopted by the Supreme Court on February 24, 1971, and amended effective August 19, 1971, which provides in the Schedule forming a part thereof that:
"The trial of all persons taken into custody prior to the effective date of this rule shall commence on or before September 27, 1971, unless a written demand for speedy trial is made... . If a person is released upon bail or otherwise, and makes no demand for speedy trial, the trial of such person shall commence on or before November 1, 1971."[3]
*509 Appellant urges that since he was in the constructive custody of the court at the time of the adoption of the foregoing provision of the speedy trial rule, it was incumbent upon the State to place him on trial on or before November 1, 1971. It is his position that by denying the motion for discharge filed by him on September 27, 1971, the trial court erred and should now be prohibited from proceeding further with the prosecution against him.
In reply the State contends that the appearance bond posted by appellant in the trial court was exonerated and cancelled by operation of law at the time the trial court dismissed the information and discharged appellant therefrom on July 1, 1969.[4] The State argues that all times thereafter defendant was free from State custody and remained at large down to and including November 30, 1971, when the order denying his motion for discharge was entered by the trial court. The State therefore concludes that since appellant was neither in custody nor released upon bail or otherwise at the time he filed his motion for discharge on September 27, 1971, he was not available for trial and therefore was not entitled to the benefits of the speedy trial rule.
The applicable law specifically provides that an appeal by the State shall not stay the operation of an order in favor of the defendant except as provided in F.S., Section 924.071(2), F.S.A., or when the appeal is from an order granting a new trial. Since the order dismissing the information rendered by the trial court in the case sub judice does not fall within either of the categories of orders specified in the foregoing statute, the appeal by the State did not operate as a stay or supersedeas. Whether the order of dismissal operated to exonerate as a matter of law the sureties on the appearance bond previously posted by appellant is a question which is not before us at this time for decision. Irrespective of whether the appearance bond was cancelled or not, appellant earnestly contends that he was available at all times for trial, was actively represented by counsel known to and recognized by the state attorney throughout the pendency of this case, and therefore remained in the constructive custody of the court and was entitled to the benefits of the speedy trial rule. Reliance is placed by appellant upon the established principle that where a judgment in a criminal case is reversed, it becomes a nullity, the defendant is restored to his original position, and the case stands as if the judgment had not been rendered.[5] Appellant properly points out that at no time following the going down of this court's mandate on June 30, 1970, did the State make any effort to call up for hearing pending motions in the case nor did it make any effort to have this case set for trial. He contends, and correctly so, that he was not required to personally appear before the court at any time prior to the date on which the case might have been set for trial. He therefore asserts that he was available for trial at all times following the reinstatement of the information against him by this court's mandate and was accordingly entitled to all the benefits conferred by the provisions of the speedy trial rule.
Whether the original order dismissing the information against appellant operated to remove him from the custody of the court after which he continued to remain free and unavailable for trial until rearrested as contended for by the State, or whether he remained in the constructive custody of the court pending the appeal and following the reinstatement of the information pursuant to this court's mandate on appeal thereby entitling him to the benefits of the speedy trial rule, are questions which we do not reach at this point in the proceeding. We arrive at this conclusion because of the matters and things hereinafter set forth.
*510 The provision of the speedy trial rule on which appellant relies provides, as hereinbefore noted, that the trial of all persons taken into custody prior to the effective date of the rule shall be commenced on or before September 27, 1971, unless a written demand for speedy trial is made. The rule further provides that if a person is released upon bail or otherwise, and makes no demand for speedy trial, the trial of such person shall commence on or before November 1, 1971. Since appellant made no demand for a speedy trial and was not in custody on the effective date of the rule but was at large upon bail posted by him, the September 27, 1971, deadline for affording him a speedy trial was not applicable. It is obvious that on the effective date of the rule appellant had been released from jail and was at large either upon bail or otherwise. Because of this fact, the deadline for affording appellant a speedy trial under the rule was November 1, 1971, provided that on the effective date of the rule and at all times thereafter he was in the constructive custody of the court.
From the record before us it appears, and is admitted by counsel, that appellant's motion for discharge was filed on September 27, 1971, 35 days before the deadline for affording him a trial of the charges lodged against him. His motion was therefore premature, and on the date of its filing he was not entitled to the relief prayed.
The authorities construing the speedy trial rule appear to be uniform in holding to the proposition that a demand for speedy trial prematurely filed by a defendant in a criminal case is ineffective and requires denial by the trial court.[6] We perceive of no reason why the same rule should not be applicable to demands for discharge prematurely filed. For the foregoing reasons, the writ of prohibition is denied but without prejudice to the right of appellant to renew in the trial court his motion for discharge if he is so advised.
JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] F.S. § 924.07, F.S.A.

"The state may appeal from:
(1) An order dismissing an indictment or information or any count thereof; ... ."
[2] State v. Matney (Fla.App. 1970), 236 So.2d 166.
[3] Rule 3.191(i)(2), Cr.P.R.
[4] All Florida Surety Company v. State (Fla. 1955), 78 So.2d 89.
[5] Ex parte Livingston (1934), 116 Fla. 640, 156 So. 612.
[6] State ex rel. Young v. Willis (Fla.App. 1972), 257 So.2d 64; State ex rel. Novak v. Sepe (Fla.App. 1971), 253 So.2d 454; State ex rel. Hanks v. Goodman (Fla. 1971), 253 So.2d 129; State ex rel. Dennis v. Morphonios (Fla.App. 1971), 252 So.2d 845.