501 So.2d 136 (1987)
STATE of Florida, Appellant,
v.
David MARLOW, Appellee.
No. 86-359.
District Court of Appeal of Florida, Second District.
January 23, 1987.
*137 Robert A. Butterworth, Atty. Gen., Tallahassee, and Theda R. James, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellee.
PER CURIAM.
The state appeals the trial court's order dismissing the information in which the defendant, David Marlow, was charged with perjury in violation of section 837.02, Florida Statutes (1983). We reverse.
Pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), Marlow filed a motion to dismiss the information filed against him alleging that:
On July 22, 1984, at about 3:50 a.m., the defendant was arrested in Haines City, Florida for Trespassing and Resisting Arrest Without Force and Violence. He was taken to the Haines City Police Department and an Arrest Report/Notice to Appear was filled out and the defendant was given a copy and released. The Defendant at this time gave a false name of Willie Davis throughout the entire process. After the defendant was released, someone learned that he used the name David Marlow and entered David Marlow as an alias on the Arrest Report/Notice to Appear before it was filed with the Clerk of the Court.
On July 31, 1984, the Defendant went to County Court in Haines City, Florida, the Honorable Charles Davis presiding, and answered to the name of Willie Davis. He was interviewed for indigency and the Office of the Public Defender was appointed to represent him. The Defendant was arraigned, given a court date, and he departed the courthouse. Judge Davis then was verbally informed of Mr. Marlow's real identity for the first time although he had the Arrest Report/Notice to Appear listing an alias of David Marlow before him. Judge Davis then sent for the Defendant and he was apprehended some distance from the Courthouse, taken into custody, and brought back before Judge Davis. Judge Davis then directly, clearly, and pointedly began to question the defendant under oath, as to whether or not he was in fact David Marlow. The Defendant lied and maintained that he was Willie Davis. Mr. Robert Williams, the Assistant Public Defender appointed for Mr. Marlow, was not consulted by Judge Davis prior to questioning the Defendant. The Defendant was not questioned through his lawyer.
The Defendant was also wanted on a D.R.D. warrant for allegedly not making child support payments. He was taken into custody for this also and taken to jail.
The state did not file a traverse or demurrer to the facts as set forth in the defendant's motion; therefore, the alleged facts must be deemed admitted by the state. See Fla.R.Crim.P. 3.190(d); see also, Camp v. State, 293 So.2d 114 (Fla. 4th DCA), cert. denied, 302 So.2d 413 (Fla. 1974); State v. Giesy, 243 So.2d 635 (Fla. 4th DCA 1971). The trial court found that the facts did not establish a prima facie case of guilt against the defendant and ordered that the defendant's motion to dismiss the information be granted. This timely appeal followed.
The elements of the crime of perjury have been set out in Gordon v. State, 104 So.2d 524 (Fla. 1958), as (1) the wilful (2) giving of false testimony (3) on a material point (4) in a judicial proceeding (5) by a *138 person to whom a lawful oath has been administered. See also, § 837.02, Fla. Stat. (1983). We believe that elements (1), (2), (4), and (5) are clearly established by the allegations contained in the defendant's motion. With regard to element three, we find no merit in the defendant's contention that his use of an alias at the arraignment on the misdemeanor charges was not a material matter within the meaning of section 837.02.
To be material, it is not essential that the false testimony bear directly on the main issue. Gordon; see also, Fields v. State, 94 Fla. 490, 114 So. 317 (1927). Rather, it is sufficient if the false testimony is collaterally or corroboratively material to the ultimate issue to be established. Gordon.
One of the primary purposes of arraignment is to identify the accused. See Ex parte Livingston, 116 Fla. 640, 156 So. 612 (1934); Moore v. State, 44 Fla. 146, 32 So. 795 (1902). Additionally, in any criminal case, one of the elements which the state has the burden of proving beyond a reasonable doubt is the identity of the accused. Although the identity of an accused may be established in a number of different ways (i.e., eyewitness, fingerprints, voice) a person's name is at least part of his identity. Moreover, identity of names is prima facie evidence of identity of the person. Wharton's Criminal Evidence, Vol. I, § 103 (1972). We, therefore, believe that the defendant's false testimony regarding his name was material to the charges pending against him and to the court's proper efforts to establish the defendant's true identity at the continuation of the arraignment proceeding.
Whether the false testimony was believed or not does not deprive it of its material character. See Wells v. State, 270 So.2d 399 (Fla. 3d DCA 1972), cert. denied, 277 So.2d 533 (Fla. 1973). Furthermore, the degree of materiality is not important, but rather the test is whether the alleged false statement is capable of influencing the court on the issue the court is considering. See Wells.
Additionally, whether the defendant's name was David Marlow or Willie Davis or whether he used both names would be material to efforts to check for possible prior criminal records. The criminal record of an accused is material in varying degrees at various stages in proceedings against an accused. Therefore, even though the court had the name of David Marlow available to it on the arrest record, if the defendant had testified truthfully regarding his identity this may have influenced the court's decision as to whether his criminal record should be checked under one or both names. A criminal charge of perjury is a proper course to punish a defendant for his false statements to the court when it appears the statutory requirements for such a charge have been met. See generally, Doe v. State, 492 So.2d 842 (Fla. 1st DCA 1986); Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976).
Furthermore, defendant's complaint that he was not questioned through his attorney is without merit. The briefs indicated that the defendant's recently appointed counsel was present during the continuation of the arraignment and there is no indication that counsel objected to the court's direct questioning of the defendant.
We, accordingly, reverse the trial court's order granting the defendant's motion to dismiss the information and remand for further proceedings consistent with this opinion.
Reversed and remanded.
DANAHY, C.J., and SCHOONOVER and SANDERLIN, JJ., concur.