528 So.2d 1179 (1988)
In re RULE 3.160(a), FLORIDA RULES OF CRIMINAL PROCEDURE.
No. 72670.
Supreme Court of Florida.
July 14, 1988.
Clarence T. Johnson, Jr., Chief Judge, Eighteenth Judicial Circuit, Rockledge, Gerald T. Wetherington, Chief Judge, Eleventh Judicial Circuit, Miami, and William C. Gridley, Chief Judge, Ninth Judicial Circuit, Orlando, for petitioners.
PER CURIAM.
We have been presented an emergency request by the chief judge of the 18th Circuit, joined in by the chief judges of the 9th and 11th Circuits, to amend rule 3.160(a), Florida Rules of Criminal Procedure, to permit all felony as well as misdemeanor arraignments to be done either personally in open court or by audiovisual device at the discretion of the court. Because some circuits are doing this by administrative order and because the procedure affects many arraignments, we have accepted the petition as an emergency.
After reviewing the application, the Court finds that it should be granted. Present rule 3.130 permits first appearances "in person or by audio device." When the technology is available, audiovisual arraignments, as well as appearances, can save time and expense, provide safety, minimize the need for additional court personnel, and still fully and accurately protect defendants' rights.
The word "arraign" means to call a prisoner to the bar of the court to answer the matters charged upon him in an indictment Ex Parte Jeffcoat, 109 Fla. 207, 146 So. 827 (1933). The purpose of an arraignment is *1180 to identify the accused and give him an opportunity to plead and to inform him of the nature of the accusation against him. Ex Parte Livingston, 116 Fla. 640, 156 So. 612 (1934); Moore v. State, 44 Fla. 146, 32 So. 795 (1902). We are satisfied that due process does not require the personal presence of a defendant in a courtroom before a judge when, through mechanical means, he can see the judge and the judge can see him.
As the population grows, with the attendant multiple places of confinement and courthouses, the use of audiovisual transmissions can enhance the efficiency of the courts. Care must be taken to fully protect all the constitutional rights of an accused. This rule change, however, does not adversely affect any such right.
Accordingly, we grant the petition. Rule 3.160(a), Florida Rules of Criminal Procedure, is amended to read:
(a) Nature of Arraignment. The arraignment shall be conducted in open court personally, or in misdemeanor cases, either personally or by audiovisual device in the discretion of the court and shall consist of the clerk or prosecuting attorney reading the indictment or information upon which the defendant will be tried to the defendant or stating orally to him the substances of the charge or charges and calling upon him to plead thereto. Such reading or statement as to the charge or charges may be waived by the defendant. If the defendant is represented by counsel, his counsel may file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived.
This amendment will be effective immediately upon the filing of this opinion.
It is so ordered.
NO MOTION FOR REHEARING WILL BE ALLOWED.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.