COMMONWEALTH of Kentucky,
Appellant,

v.

Wayne INGRAM, Appellee.

No. 1998–SC–1090–CL.

Supreme Court of Kentucky.

March 22, 2001.

Modified on Denial of Rehearing
June 14, 2001.

Albert B. Chandler III, Attorney General of Kentucky, William L. Daniel, Carlton S. Shier, IV, Assistant Attorneys General, Criminal Appellate Division, Frankfort, Counsel for Appellant.

Daniel T. Goyette, Jefferson District Public Defender, Bruce P. Hackett, Deputy Appellate Defender, Ann Bailey Smith, Assistant Public Defender, Louisville, Counsel for Appellee.

LAMBERT, Chief Justice.

Pursuant to CR 76.37(10), this Court granted the motion for certification of the law requested by the Commonwealth to consider the following questions: (1) whether video arraignment violates the Kentucky Rules of Criminal Procedure, (2) whether video arraignment violates the local Jefferson District Court Rules, and (3) whether the video arraignment procedure as practiced in Jefferson County violates a defendant's constitutional due process rights.

In July 1996, the Jefferson District Court began using interactive audiovisual technology to arraign defendants without having to transport them from the jail to the courthouse. This 'video arraignment system' permitted the accused to see and converse with the judge, who likewise could see and converse with the accused. The arraignment proceedings occurred live over a closed circuit television. The video images and the accompanying audio feed were transmitted instantaneously. All participants were able to see and hear each other simultaneously.

Another part of the video arraignment system consisted of television monitors in the court room. From the monitors, any person who was present in the courtroom could view the arraignment proceeding. Additionally, if the accused was represented by counsel, communication between the two could be achieved through the use of conference room telephones.

Appellee, Wayne Ingram, was charged with loitering and arraigned in Jefferson District Court by use of the video arraignment system. Subsequently, he filed a motion seeking to discontinue the use of video arraignment in Jefferson County. On November 17, 1998, the Jefferson District Court issued an order holding that the video arraignment system violated RCr 8.02 and RCr 8.28, and Rule 6.05 of the Jefferson District Rules of Court. The order also held that video arraignment, as currently practiced in Jefferson County, violated a defendant's due process rights. Accordingly, the district court ordered the termination of the video arraignment sys-

tem. The Commonwealth sought certification of the law on the issues decided by the trial court, and this Court granted its certification request.

 The first issue is whether video arraignment violates the Kentucky Rules of Criminal Procedure. RCr 8.02 states, in relevant part,

> Arraignment shall be conducted in open court and shall consist of reading or stating to the defendant the substance of the charge and calling upon the defendant to plead in response to it.

RCr 8.28 provides that

> (1) The defendant shall be present at the arraignment, at every critical stage of the trial including the empaneling of the jury and the return of the verdict, and the imposition of the sentence.

In its ruling, the Jefferson District Court relied upon *Valenzuela–Gonzalez v. U.S. Dist. Court for the Dist. of Arizona*,[1] in which the United States Court of Appeals for the Ninth Circuit construed the applicable federal rules to require a defendant's actual physical presence at arraignment. Other courts, however, have construed the same or similar rules otherwise.[2]

The language of RCr 8.02 and RCr 8.28, particularly when construed in light of RCr 1.04[3], is broad enough to accommodate the use of video proceedings at arraignment. The closed circuit video technology operates as the functional equivalent of an in-court arraignment, as both the defendant and the judge can see and hear each other. Moreover, the re-

---

**1.** 915 F.2d 1276 (9th Cir.1990).

**2.** *State v. Phillips*, 74 Ohio St.3d 72, 656 N.E.2d 643 (1995)(the Ohio Supreme Court was persuaded by its rule of construction, which is the same in substance as RCr 1.04); *United States v. Washington*, 705 F.2d 489 (D.C.Cir.1983).

**3.** Rcr 1.04 provides, "The Rules of Criminal Procedure are intended to provide for a just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

quirement that the arraignment be held in open court is satisfied because a television monitor allows any member of the general public present in the courtroom to observe the proceedings.

■ The second issue is whether video arraignment violates local Jefferson District Court Rule 6.05, which requires that at all arraignments the defendant be given in-hand notice of the next scheduled court date. To comply with this rule, under the video arraignment system the defendant's new court date was entered into a computer in the courtroom, and then that date was sent to a printer located near the defendant. The trial court held that JDR 6.05 was violated in practice because the printer often malfunctioned and because there were no court personnel at the delivery area to assure that defendants actually received the document from the printer. Although the technical problems noted by the trial court are a cause of concern to this Court, the fact that the accused is being arraigned over closed circuit television does not violate the tenets of JDR 6.05. Whether an arraignment is conducted in the courtroom or by closed circuit television, it is the responsibility of the trial court to see that all aspects of the rule are observed.

■ The third and final issue is whether video arraignment violates constitutional due process guarantees. In its order, the trial court stated that a defendant's basic due process rights were not protected because of the poor conditions of the holding area, a frequent inability to hear and communicate with defendants over the closed circuit system, the judge's inability to see the defendant's full body on the television monitor and thus to assess the defendant's demeanor, and because of the aforementioned system of printing the next court dates. Despite these stated concerns about the technical difficulties in implementing the video arraignment effectively, the trial court's order fails to identify constitutional due process violations associated therewith. Rather, the court engrafted upon "due process of law" a host of requirements not heretofore recognized as being components of due process. While the conditions may not have been ideal, there was nothing about the proceeding that violated due process as that concept is generally understood. The Commonwealth appropriately observed,

> The Jefferson District Court ... never explained which rights were violated by the process. The Court simply cited concerns with the system, such as overcrowding and heat in the arraignment area, a malfunctioning printer, time constraints on the completion of documents, the fact that video arraignments "foster and encourage" distractions, and the inability of the judge to see more than the head[s] and shoulders of defendants.[4]

A properly functioning video arraignment system is the equivalent of in-court arraignment. The Ohio Supreme Court so held in *Phillips*[5] as did the Florida Su-

---

4. As this case comes to the Court upon certification of law and in recognition of extensive inquiry at oral argument, we take the liberty of a slight departure from the record. The circumstances that prevailed when the trial court rendered its decision have changed dramatically. The "new" Jefferson County Jail is equipped with video arraignment equipment in a location that eliminates the deficiencies observed by the trial court. During oral argu-

ment, we were informed that the Jefferson County Courts now conduct in-custody arraignments in a full-staff courtroom within the secure part of the jail facility. The judge, clerks, prosecutor, defense counsel, sheriff deputies, corrections officers, and inmate-arraignees are all physically present in the courtroom.

5. 656 N.E.2d at 665. "The defendant's actual, physical presence in the courtroom at the

preme Court in *In Re Rule 3.160(a), Florida Rules of Criminal Procedure,*[6] and the Missouri Supreme Court in *Guinan v. State.*[7] We are persuaded that these authorities amount to a proper analysis of the law. *United States v. Reynolds,*[8] relied upon by the trial court is inapplicable here as that arraignment was by telephone and lacked a video component. The trend among state and federal courts is to allow the properly safeguarded use of video proceedings,[9] provided there is no violation of some specific constitutional right. Video arraignment is entirely consistent with Kentucky law and our view of federal law, and we so hold.

For the foregoing reasons, the law is so certified to the Jefferson District Court.

COOPER, GRAVES, JOHNSTONE, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

---

time of his arraignment 'was not required to ensure fundamental fairness or a "reasonably substantial opportunity ... to defend against the charge ...." ' Therefore, we hold that arraignment of an accused via closed circuit television is constitutionally adequate when the procedure is functionally equivalent to live, in-person arraignment."

6. 528 So.2d 1179, 1180 (Fla.1988). "We are satisfied that due process does not require the presence of a defendant in a courtroom before a judge when, through mechanical means, he can see the judge and the judge can see him."

7. 769 S.W.2d 427, 431 (1989). "We find no diminution of our traditional standards of fair trial resulting from injecting the video cameras into the proceeding."

8. 44 M.J. 726 (Army Ct.Crim.App.1996).

9. See *Maryland v. Craig,* 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990); United States v. Baker, 45 F.3d 837 (4th Cir.1995).