**G. Joseph PAPPAS, Appellant,**

v.

**KENTUCKY PAROLE BOARD and Commonwealth of Kentucky, Appellees.**

No. 2003–CA–000991–MR.

Court of Appeals of Kentucky.

July 2, 2004.

Discretionary Review Denied by Supreme Court March 9, 2005.

Motor Vehicle Reparations Act. *See Gussler v. Damron,* Ky.App., 599 S.W.2d 775, 778 (1980).

John Palombi, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Karen Quinn, Deputy General Counsel, Justice Cabinet, Frankfort, KY, for Appellees.

Before COMBS, Chief Judge; VANMETER, Judge; and MILLER, Senior Judge.[1]

## OPINION

VANMETER, Judge.

G. Joseph Pappas appeals from an order of the Franklin Circuit Court dismissing his petition for declaration of rights challenging the denial of parole to him by the Kentucky Parole Board. Finding no error, we affirm.

Appellant is currently serving a fifteen-year sentence imposed by the Jefferson Circuit Court for several counts of wanton endangerment first degree, one count of perjury first degree, and tampering with physical evidence. In August 2002, he had a hearing before the Parole Board. Apparently, the hearing was conducted with two of the three Parole Board members participating by a video link-up, in which they could see and hear the local participants, i.e., appellant and the other Parole Board member, and the local participants could see and hear them. As a result of

---

1. Senior Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110.(5)(b) of the Kentucky Constitution and KRS 21.580.

this hearing, the Parole Board deferred a decision on appellant's parole for sixty months. The basis for the decision was that "[t]he Parole Board concludes that the inmate is a parole risk at this time. The inmate received the action recorded for the following reasons: seriousness of the crime, prior felony conviction(s), and misdemeanor conviction(s)." Appellant's request for reconsideration of the decision was denied.[2]

On November 15, 2002, appellant filed a Petition for Declaration of Rights and Permanent Injunctive Relief in the Franklin Circuit Court against the Parole Board and its chairman, John Coy, in his official capacity. The Franklin Circuit Court granted the Parole Board's motion for summary judgment.[3] This appeal followed.

On appeal, appellant argues that the parole hearing procedure, during which two Parole Board members were present by video link rather than in person, violated his rights to procedural due process as secured by the United States Constitution, the Fourteenth Amendment, and the Kentucky Constitution, Sections 2 and 11. His argument is that the video connection effectively prohibited him from presenting evidence, and that the off-site members could not see the documents he wished to present. Appellant does not identify the evidence or documents he wished to present.

In *Belcher v. Kentucky Parole Board*, Ky.App., 917 S.W.2d 584 (1996), this court analyzed in great detail the respective due process interests created by Kentucky's parole statute. We noted that " '[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.... [T]he conviction, with all its procedural safeguards, has extinguished that liberty right.' " *Id.* at 586 (quoting *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979)). We also noted that state laws or regulations could create liberty interests when they placed " 'substantive limitations on official discretion.' " *Belcher*, 917 S.W.2d at 586 (quoting *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 462, 109 S.Ct. 1904, 1909, 104 L.Ed.2d 506 (1989)). The court held, however, that "Kentucky's statute and the regulations ... have not elevated parole to a liberty interest in which inmates have a legitimate claim of entitlement. In Kentucky, parole is a matter of legislative grace." *Id.* at 587.

■■■■ On the other hand, an inmate "has a legitimate interest in a decision rendered in conformity with the established procedures and policies; one which is based upon consideration of relevant criteria." *Belcher*, 917 S.W.2d at 587.[4] As to the procedures to follow:

"It is axiomatic that due process 'is flexible and calls for such procedural protections as the particular situation demands.' " *Greenholtz, supra*, quoting *Morrissey v. Brewer*, 408 U.S. 471, 481,

---

**2.** The Parole Board communicated the denial by letter dated September 9, 2002. The record does not contain appellant's request for reconsideration.

**3.** The circuit court found that appellant "failed to demonstrate the loss of any constitutionally protected liberty interest that would have given rise to due process rights on his behalf. It has been determined that the ...

assertions do not rise to the level of a statutory or constitutional violation." On appellant's motion to reconsider, the circuit court essentially entered the same order.

**4.** 501 KAR 1:030 § 4 (2003) sets out criteria for the Parole Board to apply in recommending or denying parole.

92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Flexibility is necessary to tailor the process to the particular need; the quantum and quality of the process due in a particular situation depend upon the need to serve the purpose of minimizing the risk of error. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

*Belcher,* 917 S.W.2d at 587.

■ While appellant claims that due process requires a parole hearing in which all members are present "in person," he cites no reported decision that so requires. In *Commonwealth v. Ingram,* Ky., 46 S.W.3d 569, 571 (2001), the Kentucky Supreme Court held that "[a] properly functioning video arraignment system is the equivalent of in-court arraignment." The court also noted that "[t]he trend among state and federal courts is to allow the properly safeguarded use of video proceedings, provided there is no violation of some specific constitutional right."[5] *Id.* at 572.

■ In the instant case, appellant complains that the videoconferencing procedure denied him the ability to present evidence and documents to the off-site board members. As noted above, appellant fails to either identify the evidence and documents that were compromised by the procedure, or show that all the Board members failed to consider the evidence or documents he presented. Appellant also fails to identify in what manner the presentation of his "evidence" would have changed the Parole Board's decision.[6] In *Belcher,* we held that an inmate is entitled to an opportunity to be heard, and a decision which states the reason for denial. 917 S.W.2d at 588.[7] These requirements were met.

Based on the holdings of *Ingram* and *Belcher,* it is clear that the videoconference procedure followed by the Parole Board did not violate appellant's due process rights.

The order of the Franklin Circuit Court is affirmed.

ALL CONCUR.

5. A review of case law from other jurisdictions indicates that the constitutional rights that may be infringed by the use of video proceedings, in general, are the rights to confront witnesses, to counsel, and to be present. *See, e.g., R.R. v. Portesy,* 629 So.2d 1059 (Fla. App.1994) (juvenile detention hearing); *Seymour v. State,* 582 So.2d 127 (Fla.App.1991) (guilty plea); *People v. Guttendorf,* 309 Ill. App.3d 1044, 243 Ill.Dec. 535, 723 N.E.2d 838 (2000) (guilty plea); Fern L. Kletter, Annotation, *Constitutional and Statutory Validity of Judicial Videoconferencing,* 115 A.L.R.5th 509 (2004). We have found no case, however, which holds that videoconferencing in the context of a parole release hearing violates an inmate's procedural due process rights.

6. In fact, appellant cannot show that any proffered evidence may have changed the Parole Board's decision. *See Garland v. Commonwealth,* Ky.App., 997 S.W.2d 487, 489 (1999) (court holding that "[f]inding that relevant criteria have been met does not require the parole board to release an inmate prior to the expiration of sentence; nothing in the parole statutes or regulations mandates the granting of parole or diminishes the discretionary nature of the Parole Board's authority.")

7. We also stated in *Belcher* that due process did not require the Parole Board "to provide a detailed summary or specify the particular evidence on which it rests the discretionary [decision]...." 917 S.W.2d at 588.