# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2123
Lower Tribunal No. 96-467-A-K
_____

**Brian S. Klein,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Brian S. Klein, in proper person.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before LOGUE, LUCK and LINDSEY, JJ.

LINDSEY, J.

Brian S. Klein, pro se, appeals the denial of his motion, which among other things, requested to commence speedy trial. Because this is not an appealable order, we treat the notice of appeal and attachments thereto as a petition for writ of prohibition. See Bory v. State, 126 So. 3d 266 (Fla. 3d DCA 2010) (treating appeal of trial court's denial of a motion seeking commencement of speedy trial as a petition for writ of prohibition); Schuty v. State, 281 So. 2d 507, 507 (Fla. 1st DCA 1973) (treating appeal from denial of discharge on speedy grounds as writ of prohibition). For the reasons set forth below, we deny the petition.

Klein is serving a sentence at the Graham Correctional Center in Hillsboro, Illinois following his conviction in Illinois state court. According to Klein, he was convicted on June 20, 2016 in Dupage County, Illinois for possession of a stolen motor vehicle and sentenced to eight years. In April of 2017, Klein sent a letter to the trial court in the Sixteenth Judicial Circuit in and for Monroe County, Florida seeking the resolution of an outstanding warrant in the Sixteenth Circuit for a violation of probation. Three months later, Klein wrote a second letter specifically requesting dismissal of the warrant. In his letters, Klein explained that he seeks to gain admittance to a rehabilitative facility run by the Illinois Department of Corrections and that one of the criteria for the program is that there can be no outstanding warrants. Klein then filed a motion entitled Motion to Demand Speedy Trial and/or to Quash Warrant. In the motion, Klein alleged that there is a charge

2

against him for a violation of probation in a 1996 case for the offense of grand theft of a motor vehicle. Klein also asked that the warrant be quashed and the case dismissed as any prosecution would be outside the statute of limitations or, in the alternative, that any sentence in Florida run concurrent with his sentence in Illinois. The trial court entered an order denying the motion.[1] This appeals follows.

Florida Rule of Criminal Procedure 3.191, which is the speedy trial rule, provides in part:

> **(e) Prisoners outside Jurisdiction**. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this state or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this state, is not entitled to the benefit of this rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of the person's return is filed with the court and served on the prosecutor. For these persons, the time period under subdivision (a) commences on the date the last act required under this subdivision occurs. For these persons the time period under subdivision (b) commences when the demand is filed so long as the acts required under this subdivision occur before the filing of the demand. If the acts required under this subdivision do not precede the filing of the demand, the demand is invalid and shall be stricken upon motion of the prosecuting attorney. Nothing in this rule shall affect a prisoner's right to speedy trial under law.

---

[1] The trial court had previously sent a letter to Klein informing him that there was no record of the outstanding warrant being dismissed and advising that upon completion of his sentence in Illinois, arrangements would be made for the outstanding warrant to be served and for his return to the Sixteenth Circuit to address the violation of probation charge(s).

Fla. R. Crim. P. 3.191(e). Pursuant to the plain language of Rule 3.191(e), Klein is not entitled to the benefit of Florida's speedy trial rule until he is returned to the jurisdiction of the State of Florida. See State v. Bivona, 496 So. 2d 130, 132 (Fla. 1986) (interpreting an earlier version of Rule 3.191(e) to apply unqualified to those incarcerated outside of Florida, whether the individual is being held solely on Florida charges or on charges pending in the other state). Because Klein is incarcerated outside the jurisdiction of this state on charges unrelated to those pending in the Sixteenth Circuit in Florida, he must wait until he is returned to Florida to address the outstanding warrant for violation of probation. Until that occurs, he would not be eligible to seek relief under Florida Rule of Criminal Procedure 3.191(e).

In any event, irrespective of the lack of an available remedy to Klein based on his present location, the speedy trial rule does not apply to probation cases. See Gonzalez v. State, 447 So. 2d 381 (Fla. 3d DCA 1984) (internal citations omitted) ("The speedy trial rule does not apply to a proceeding to revoke probation. A probation revocation hearing is a sentencing function, not a trial. There is therefore no merit to the claim of speedy trial violations involving the revocation of probation.").

Accordingly, the trial court correctly denied Klein's motion demanding a speedy trial.

Petition denied.