ANNIE FIELDS, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed August 1, 1927.

*S. K. Gillis*, Attorney for Plaintiff in Error;

*J. B. Johnson*, Attorney General, and *H. E. Carter*, Assistant, Attorneys for Defendant in Error.

BUFORD, J.—In this case the plaintiff in error was prosecuted in the Circuit Court of Walton County on indictment charging her with perjury. She was convicted and writ of error sued out to the judgment. There were six assignments of error, as follows:

"I. The Court erred in denying the defendant's motion to quash the indictment.

II. The Court erred in overruling the objection of the defendant to the admission in evidence of the County Judge's Docket of the case of the State against Monroe Cheatane or Cheatam.

III.   The Court erred in sustaining the objection to the question to the County Judge about the oath he administered to the witnesses.

IV.   The Court erred in remarking that the witness D. S. Gillis 'This witness doesn't have to be led, he can't be led.'

V.   The Court erred in allowing the witness W. P. Redmon to 'state what his idea was from what he saw.'

VI.   The Court erred in denying defendant's motion for a new trial.''

The 1st assignment of error is addressed to the action of the court in denying motion to quash the indictment. It appears that the indictment sufficiently charged the offense to come within the rule as stated in the case of Ward v. State, 83 Fla. 311, 91 Sou. 189, as follows:

''An indictment for perjury is sufficient which is not so vague, indistinct or indefinite as to mislead the accused or embarrass him in the preparation of his defense or expose him to substantial danger of a new prosecution for the same offense.''

The 2nd assignment of error is addressed to the action of the court in overruling the objection of the defendant and admitting in evidence the docket of the County Judge's Court.   It is argued that that docket shows a case of the State of Florida against Monroe C-h-e-a-t-a-n-*e* or C-H-E-A-T-A-M.   There appears to have been some argument about this matter but the transcript of the record shows the name on the docket to have been Monroe C-h-e-a-t-a-n.   We find in the record of this case the name appearing ending with an ''n'' and also ending with an ''m'' and we fail to find any substantial foundation for the objection raised.

The 3rd assignment of error is addressed to the action of the court in regard to ruling on questions propounded

to the County Judge as to the language of the oath which he administered to the accused when a witness in the Cheatan case. We find no reversible error in the court's ruling in that regard, it being shown that the witness was sworn to speak the truth, and was sworn by an officer, authorized to administer oaths, to speak the truth as a witness in that case and we find that the phraseology of the oath, that is whether the oath administered was "the evidence you shall give shall be the truth, the whole truth and nothing but the truth" or "You do solemnly swear that the evidence you shall give shall be the truth, so help you God," or some other phrase of the same general meaning, is immaterial.

The 4th assignment of error we think is without merit, as is also the 5th assignment of error.

The 6th assignment of error is addressed to the sufficiency of the evidence to support the charge. The point argued by counsel is mainly that the State failed to prove that the defendant in the court below was present at the time and place of the difficulty out of which grew the prosecution of Cheatan in the trial of which she was alleged to have committed perjury and that inasmuch as this fact was not proven, the State failed to prove that she *knowingly and wilfully* swore falsely. It is true that the State might have proven the presence of this defendant at the scene of the difficulty involved in the Cheatan prosecution by witnesses who were present at that difficulty and this would have been one proper method of proving that fact. The State, however, did prove that fact in another manner, that is by the sworn admission of the defendant herself when a witness in the Cheatan trial. It appearing from the record without objection that she testified when called as witness at the trial of Monroe Cheatan that she was present and saw the difficulty in

which Monroe Cheatan was alleged to have committed assault and battery on one Ida Finley and the jury was warranted in assuming from this undisputed testimony that she was present at that time and place and knew the truth of the facts as they occurred.

It is further contended that the evidence is insufficient upon the theory that the statements alleged to have been made by the defendant when a witness in the Cheatan trial constituting alleged perjury were immaterial because it would make no difference as to the guilt or innocence of Cheatan whether the statements of this witness were true or false. It was alleged and proved that Cheatan struck Ida Finley a number of times, that he knocked her down once and probably twice and beat and bruised her severely and that the plaintiff in error testified at the trial involving that difficulty that Cheatan struck Ida Finley once and once only and that was when he slapped her face with his open hand, that he did not knock her down. It has been said:

"While it is necessary that the false testimony be material to the issue being tried or to the point of inquiry, it is not necessary that it be material to the main issue. The test is whether the statement made could have influenced the tribunal on the issue before it. It is sufficient if it is material to any proper matter of inquiry, and is calculated and intended to prop or bolster the testimony of a witness on some material point, or to support or attack the credibility of such a witness. It may be laid down as a general rule that any testimony which is relevant in the trial of a case, whether to the main issue or some collateral issue, is so far material as to render a witness who knowingly and wilfully falsifies in giving it guilty of perjury. It is but common knowledge that it frequently occurs in the trial of causes that inquiries are

made of witnesses touching matters which do not directly concern the commission of the acts which constitute the offense, yet such inquiries and answers may be material and highly important to the end that the triers of the fact may properly and intelligently weigh the testimony in the cause. If it is so connected with the matter at issue as to have a legitimate tendency to prove or disprove some fact that is material by giving weight or probability to, or detaching from, the testimony of a witness thereto, it is sufficient and makes the testimony material.'' See 21 Ruling Case Law, page 259.

It may readily be seen that the testimony referred to in the indictment was material and that had it been believed by the jury it would have discredited other witnesses who testified to the alleged true state of facts and would have thus influenced the jury in arriving at a verdict.

We find the evidence sufficient to sustain the verdict and, finding no reversible error in the record, we must say that the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.