444 So.2d 1102 (1984)
Milton V. KLINE, Appellant,
v.
STATE of Florida, Appellee.
No. AR-204.
District Court of Appeal of Florida, First District.
January 30, 1984.
Rehearing Denied February 24, 1984.
*1103 Paul E. Risner, Law Offices of Victor Africano, Live Oak, for appellant.
Jim Smith, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., for appellee.
LARRY G. SMITH, Judge.
Appellant pled nolo contendere to the offense of perjury, Section 837.02, Florida Statutes (1979), reserving the right to appeal the trial court's ruling that his false statement was in regard to "a material matter" as required for conviction under the statute. He also reserved his right to appeal upon the alternative grounds that the perjury statute, and Section 837.011(3), providing that whether a matter is "material" for purposes of perjury is a matter of law for the court, are unconstitutional because they deny the accused the right to trial by jury protected by the Sixth Amendment, Constitution of the United States, and Article I, Section 16, Constitution of the State of Florida. We affirm.
The allegedly perjurious testimony occurred at a pre-trial hearing on October 20, 1979 in the pending case of State v. Theodore Robert Bundy, in Columbia County, in which Bundy was on trial for the murder of Kimberly Leach. Bundy had filed a motion to suppress the testimony of one Anderson, a state's witness, whose recollections of the incident about which he was to testify had been enhanced by hypnosis. Appellant was called by the defense as an expert witness in the field of forensic hypnosis for the purpose of establishing that Anderson's testimony was unreliable, due to the effects of his hypnotically induced recollection of the events he observed. The allegedly false statements all pertained to appellant's educational background which he gave upon being questioned on voir dire to establish his qualifications as an expert witness.
The information filed by the state alleged that the following four statements, in the alternative, were false:
A. That he held a masters degree in Medical Psychology at Columbia University, or
B. That he held a doctoral degree in Clinical Psychology at Penn State University, or
C. That he received post-doctoral training in Clinical Psychology at New York University, or
D. That he had received psychoanalytic training at William Allyson White Institute of Psychiatry and Psychoanalysis.
On this appeal the parties focus their arguments upon the statement in paragraph "B" pertaining to appellant's claim that he held a doctoral degree in Clinical Psychology from Penn State University. Appellant admits that this statement was untrue. Our resolution of this appeal on the basis of the paragraph "B" statement makes it unnecessary to address the various contentions made by the parties with respect to the others. As a matter of information, the trial court granted the motion to dismiss as to the statement in paragraph "A," since a tape recording of his testimony disclosed that the court reporter's transcript of the hearing erroneously quoted him as stating that he had a masters degree in "Medical" Psychology from Columbia University, whereas he actually stated that he had a masters degree in "Clinical" Psychology from that University. With respect to paragraph "C" of the information, appellant stated that he intended to state that he received "post-graduate doctoral" training in Clinical Psychology at New York University, rather than "post-doctoral training." Further, with respect to paragraph "D," appellant contended that his testimony was true, in that he had taken courses in psychoanalytic training at William Allyson White Institute of Psychiatry *1104 and Psychoanalysis, although he agreed, as the state contended, that he had not completed the training for psychoanalysis at that institution which requires a minimum of four years in a set curriculum.
Appellant further supported his motion to dismiss with the deposition testimony of Circuit Judge Wallace Jopling, who presided at the hearing in which the allegedly perjurious statements were made. In his deposition, the trial judge was asked "if he [appellant] had not made the statement that he had a doctoral degree in Clinical Psychology at Penn State University, would he [appellant] have still qualified before you [Judge Jopling] as an expert witness in forensic and clinical hypnosis in your court?" Judge Jopling answered "Yes, I would say he would have." Judge Jopling further testified, however, that he thought a doctoral degree in Clinical Psychology from Penn State University would be a "major achievement" in that area.
With respect to the first issue on appeal, appellant contends that his testimony was not "material" because whether or not he held a doctoral degree in Clinical Psychology from Penn State University had no bearing upon the main issue before the court, which was the guilt or innocence of Bundy. He argues further that it had no bearing upon the secondary issue being tried in the suppression hearing, which was whether the witness Anderson was affected by being subjected to hypnosis so that his testimony should be suppressed as unreliable. Appellant maintains, citing to Judge Jopling's testimony, that the trial judge would still have found appellant to be qualified as an expert in the field of forensic hypnosis even without the alleged doctorate degree from Penn State.
We hold that the trial judge did not err in determining that appellant's testimony was in regard to a material matter as required by the statute. A misrepresentation is material if it has the mere potential to affect the resolution of the issue before the tribunal, whether it be in the guilt or innocence phase of the trial, or in a pre-trial suppression hearing. In Shelton v. State, 157 Fla. 482, 26 So.2d 444 (1946), the Supreme Court had before it the question of whether the place of residence of a defendant in a divorce case was material to such a degree that false testimony about it would constitute perjury. The court stated that an essential element of the crime is the untruth of a statement made under oath about some matter material to the main or a secondary issue. The matter bears this character, the court confirmed, if it could have influenced the tribunal on the issue before it. Fields v. State, 94 Fla. 490, 114 So. 317, 318 (1927).
The rule regarding materiality was concisely stated in Gordon v. State, 104 So.2d 524, 531 (Fla. 1958):
The cases hold that in order for testimony to be material it must have some weight and reference to the determination of an issue which is before the court for judicial determination. It is not essential that the false testimony bear directly on the main issue. It is sufficient if the false testimony is collaterally or corroboratively material to the ultimate material fact to be established. The degree of materiality is not of any important consequence. (citations omitted).
Although not the only criteria, certainly one of the main criteria by which the qualifications of an expert witness may be determined and his testimony evaluated are the institutions attended and degrees earned in a special field of expertise. Although we recognize from Judge Jopling's testimony that appellant would have been considered qualified by him without the false statement regarding the doctoral degree from Penn State, it is just as obvious that appellant's statement concerning the holding of that degree was considered as having some bearing upon appellant's qualifications as an expert. However, in our view the test is not the weight or credibility attached to the witness' statement by the particular judge or trier of fact required to consider it. Misrepresentations which tend to bolster the credibility of a witness, whether successful or not, are regarded as material for purposes of supporting a perjury *1105 conviction. Fields v. State, 114 So. 317, at 318.
Finally, we address appellant's argument that the perjury statute is unconstitutional because it denies an accused his constitutional right to a jury trial. The Florida Supreme Court, like most other state courts and the federal courts, has held that the question of materiality in a perjury prosecution is a matter of law for the court. Rader v. State, 52 So.2d 105 (Fla. 1951); Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 629 (1929); see also, Annotation, Materiality of testimony assigned as question for court or jury, 62 A.L.R.2d 1027 (1958). Although this rule has been followed unquestioningly by the courts, it has been the subject of criticism by legal scholars on the grounds that it deprives defendants of their right to a trial by jury on an essential element of the crime of perjury. Lillich, The Element of Materiality in the Federal Crime of Perjury, 35 Ind.L.J. 1 (1959). See also, People v. Clemente, 285 App.Div. 258, 136 N.Y.S.2d 202 (1954), aff'd mem., 309 N.Y. 890, 131 N.E.2d 294 (1955).
However, without assessing the soundness of the arguments, pro and con, which have not been fully presented on this appeal, we decline to address this particular question since our research has revealed that the Florida Supreme Court has considered this question and has held that materiality remains a question of law for the judge though, like many other questions of law, it may become a mixed question of law and fact. Wolfe v. State, 271 So.2d 132 (Fla. 1972). Although the Supreme Court's reported decision in Wolfe does not reveal that this particular constitutional argument was considered, we note that the Third District Court of Appeal's decision in Wolfe v. State, 256 So.2d 533, 536 (Fla. 3rd DCA 1972), which the Supreme Court reviewed, indicates that this was an issue in the case. We therefore do not feel constrained to go against the longstanding rule of law in this state, particularly when no justification for our doing so is suggested except that we should adopt the view espoused by appellant. See, Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
AFFIRMED.
WIGGINTON and NIMMONS, JJ., concur.