PETERSON, Chief Judge.
William Soller, Jr. appeals Ms conviction for perjury. The conviction was based upon the answer he gave to a question posed by an assistant state attorney when Soller attempted to report that a home mvasion had taken place at his sister’s home. The assistant state attorney asked whether Soller had ever been arrested. Soller, while under oath and while Ms testimony was being recorded, untruthfully replied in the negative. Soller had been arrested for retail theft thirteen months earlier. Two weeks after Soller made the statement, he was charged with perjury. Later he was found guilty of the charge, adjudicated, and placed on two years probation. We reverse because the state failed to show that the false statement was “in regard to any material matter.” § 837.02(1), Fla. Stat. (1993) ,[1]
The determination of whether a false statement is “in regard to any material matter” is a question of law. State v. Barbu-to, 571 So.2d 484 (Fla. 2d DCA 1990); see also § 837.011(3). In Barbuto, the perjury charge arose out of conflicting statements Barbuto made as a witness for a criminal defendant. Barbuto stated in Ms deposition that he was not guilty of a particular federal offense; at trial he testified that he entered a guilty plea. The state subsequently charged him with perjury and Barbuto moved for dismissal on the ground that the statement in question was not material. Reversing the trial court’s dismissal of the charges, the second district made the following analysis:
The statements in this case tended to impeach one of the state’s witnesses and to bolster [Barbuto’s] own credibility. A representation is material if it has the mere potential to affect the resolution of a main or secondary issue before the court. Kline v. State, 444 So.2d 1102 (Fla. 1st DCA 1984), petition for review denied, 451 So.2d 849 (Fla.1984). Misrepresentations wMch tend to bolster the credibility of a witness, whether they are successful or not, have that potential and are regarded as material for purposes of a perjury conviction. Kline. The trial court therefore erred in dismissing the charges filed against [Bar-buto].
Barbuto at 485. Barbuto’s inconsistent testimony was regarded as material because it “tended to impeach” the testimony of a witness for the state and “bolster” Barbuto’s testimony. Id. Therefore, it had the potential of affecting a primary or secondary issue before the court.
In Kline v. State, 444 So.2d 1102 (Fla. 1st DCA), petition for review denied, 451 So.2d 849 (Fla.1984), the appellant, an expert witness in a murder ease, falsely indicated in a pre-trial hearing that he held a doctoral degree in clmical psychology at Penn State UMversity. The appellant argued that Ms misstatement should not have been regarded *994 as material because the judge at the pre-trial hearing later testified that he still would have found appellant to be qualified as an expert in the field of forensic hypnosis even without the alleged doctoral degree. The trial judge further testified, however, that he thought a doctoral degree in clinical psychology from Penn State University would be “a major achievement in that area.”
Affirming the appellant’s conviction for perjury, the first district observed:
Although we recognize from Judge Jo-pling’s testimony that appellant would have been considered qualified by him without the false statement regarding the doctoral degree from Penn State, it is just as obvious that appellant’s statement concerning the holding of that degree was considered as having some bearing upon appellant’s qualification as an expert_ Misrepresentations which tend to bolster the credibility of a witness, whether successful or not, are regarded as material for purposes of supporting a perjury conviction. Fields v. State, 94 Fla. 490, 114 So. 317, at 318.
Kline at 1104-1105. Again, as in Barbuto, if the misrepresentation is used as an attempt to bolster credibility the misrepresentation should be considered material.
In State v. Marlow, 501 So.2d 136 (Fla. 2d DCA 1987), the appellant’s use of an alias at an arraignment on misdemeanor charges was held to be a material matter within the meaning of the perjury statute. The court reasoned that the appellant’s false testimony regarding his name was material to the charges then “pending against him and to the court’s proper efforts to establish [his] true identity.” Marlow at 138. Further, the court observed, appellant’s use of two names inhibited the court’s ability to search the records to accurately determine appellant’s prior criminal record.
In Wolfe v. State, 271 So.2d 132 (Fla.1972), the Florida Supreme Court addressed the issue of materiality with respect to perjury convictions. In Wolfe, a mayor of Hialeah, Florida, was charged with conspiracy to commit grand larceny and grand larceny in connection with the delivery to Wolfe of two checks totaling $7800. The supreme court concluded that two statements in Wolfe’s testimony in the criminal trial concerning what he did with the checks he received could not be used to convict him of perjury because they were not material to the charges filed against the mayor. The court stated:
Unless the alleged testimony given under oath is germane or material to the inquiry or charge, then its truthfulness is not the vital issue because the purpose to be guarded against and the reasons to be punished for perjury are to deter persons from testifying under oath to false statements in order to mislead the trier of the facts such as the court or the jury or both and thereby to thwart and pervert justice.
Wolfe at 134.
In the instant case, the state argues that Soller’s denial of ever having been arrested was material because “the statement directly influenced the determination on whether charges would be filed [in the home invasion case] and thus it directly affected the court and outcome of [that] proceeding.” In support of this argument the state points to the testimony of the prosecutor, in which he responded to the question, “And how do you determine whether someone is a credible witness or not?”:
It’s — a lot of it is a personal decision. You can look at someone and talk to someone and you decide for yourself whether they appear truthful to you, whether they look you in the eyes. The most controlling factor is whether or not they have ever been convicted of a crime before and what type of crime.
Here, the prosecutor simply indicated that the fact of a felony conviction weighs heavily in his determination of that person’s credibility. Soller, however, had never been convicted of a crime; Soller was once arrested, according to the record, for retail theft in 1992. It is difficult to imagine that justice could have been perverted or thwarted, in the sense required by Wolfe, by the fact that the star witness, Soller, might have weakened the state attorney’s case at trial if the defense attorney somehow mentioned Soller’s arrest.
In Gordon v. State, 104 So.2d 524, 531 (Fla.1958), the supreme court wrote: “It is *995 not essential that false testimony bear directly on the main issue. It is sufficient if the false testimony is collaterally or corrobora-tively material to the ultimate material fact to be established.” Soller’s false testimony about his arrest for retail theft in 1992 was neither collaterally nor corroboratively material to the ultimate material fact of whether Soller’s sister’s home was the site of a home invasion in 1994.
Because there was no showing made that Soller’s misrepresentation regarding his 1992 arrest for grand theft had any material bearing on the judicial determination of the guilt or innocence of those whom Soller alleged invaded his sister’s home, we reverse Soller’s conviction for perjury in an official proceeding and remand the cause for dismissal by the trial court.
REVERSED.
W. SHARP and THOMPSON, JJ., concur.

. Soller has not argued, below or on appeal, that the sworn testimony he gave to the assistant state attorney was not given in an "official proceeding.” This argument was rejected by the third district in State v. Witte, 451 So.2d 950 (Fla. 3d DCA), rev. denied, 458 So.2d 274 (Fla.1984). The third district held that a pre-filing conference by a prosecutor is specifically authorized by Florida Rule of Criminal Procedure 3.140(g), which requires the prosecutor to certify, prior to filing an information, that he has received testimony under oath from the material witness or witnesses for the offense. The third district found that when this rule is considered in conjunction with section 27.04, Florida Statutes, which provides the state attorney with the authority to summon witnesses to testify before him as to any violations of the criminal law, the pre-filing conference is an official proceeding within the meaning of section 837.011, Florida Statutes (1993).