722 So.2d 824 (1997)
STATE of Florida, Petitioner,
v.
Lauri A. ELLIS, Respondent.
No. 96-3143.
District Court of Appeal of Florida, First District.
May 22, 1997.
Robert A. Butterworth, Attorney General, and Stephen R. White, Assistant Attorney General, Tallahassee, for Petitioner.
James T. Miller of Corse, Bell & Miller, P.A., Jacksonville, for Respondent.
ALLEN, J.
The petitioner seeks a writ of certiorari, challenging the trial court's determination that section 837.011(3), Florida Statutes, is unconstitutional in describing the issue of materiality in a perjury prosecution as a "question of law" so as to remove the issue from the jury. We conclude that this determination was based on a proper application of United States v. Gaudin, 515 U.S. 506,115 S.Ct. 2310,132 L.Ed.2d 444 (1995).
In Gaudin the United States Supreme Court addressed the issue of materiality under a federal statute involving false statements, and ruled that because materiality was an element of the crime the defendant was entitled to have the issue submitted to the jury. Gaudin was predicated on the defendant's Fifth Amendment right to due process, and Sixth Amendment right to a jury trial, under the United States Constitution. These protections are applicable to the states, see Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), and the constitutionality of section 837.011(3) therefore must be assessed in light of Gaudin.
The petitioner asserts that materiality is not an element of the perjury prosecution in the present case, which was pursued under section 837.02, Florida Statutes. However, Florida cases have acknowledged that materiality is an element of the crime of perjury, e.g., Hirsch v. State, 279 So.2d 866 (Fla.1973), and section 837.02(1) expressly provides that:
Whoever makes a false statement, which he does not believe to be true, under oath in an official proceeding in regard to any material matter shall be guilty of a felony....
It is clear that materiality is an element of the crime in this case, and Gaudin thus supersedes decisions such as Kline v. State, 444 So.2d 1102 (Fla. 1st DCA), rev. denied, 451 So.2d 849 (Fla.1984), which permitted the issue to be withdrawn from the jury. Although section 837.011(3) provides a definition of materiality in such prosecutions, and states that whether a matter is "material in a given factual situation is a question of law," this recitation cannot serve to remove the issue from the jury in light of the ruling in Gaudin. The trial court correctly determined that section 837.011(3) is unconstitutional in this respect, and properly indicated that the issue of materiality in this case would be submitted to the jury.
The petition for a writ of certiorari is denied.
MICKLE, J. concurs.
MINER, J., dissents with written opinion.
*825 MINER, J., dissenting.
In the instant case, Lauri Ellis was charged with perjury under section 837.02, Florida Statutes.[1] She moved to dismiss this charge arguing that she is constitutionally entitled to a jury determination on the issue of materiality of her allegedly false statements. The trial court denied the motion to dismiss the perjury charge but ruled that materiality is an essential element of the crime of perjury and that U.S. v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), requires this issue to be determined by a jury. In so doing, the trial court struck as unconstitutional the last sentence of section 837.011(3),[2] which provides that, in perjury prosecutions, materiality is a question of law to be determined by the court. The State now petitions for a pre-trial writ of certiorari to review this ruling.
Based upon Gaudin, the majority opinion affirms the trial court's ruling. I respectfully dissent from such holding because the sole basis for the trial court's ruling is a case, albeit a United States Supreme Court decision, construing a dissimilar federal statute,[3] which decision, in my opinion, does not mandate such a result.[4]

PETITION FOR CERTIORARI
In its petition for certiorari, the State alleges that on June 4, 1994, Lauri Ellis, the respondent, telephoned the pediatrics ward at the Naval Air Station Hospital in Jacksonville and reported that her 2½ year old stepson, Timothy Ellis, Jr., had suffered a seizure. She was told by the hospital employee to whom she spoke to call 911 and have the little boy taken to the nearest emergency medical facility. One hour and twenty minutes later, Ellis arrived at the Naval Hospital with Timothy, who was suffering from severe head trauma. The child was transferred to University Hospital where he died as a result of his head injuries.
Respondent's husband, Timothy Ellis, Sr., was subsequently arrested and charged with the murder of his son. During the pendency of these charges, respondent, Lauri Ellis, gave testimony under oath during a discovery deposition on October 4, 1994, and December 13, 1994. Among other things, Ellis testified that immediately following the telephone call of June 4, she drove Timothy Ellis, Jr., to the hospital, arriving there within fifteen minutes.[5] This testimony conflicted with the recollection of hospital personnel and hospital records which indicated the passage of an hour and twenty minutes between the call and hospital arrival.
Lauri Ellis also testified that some seventeen days prior to her June 4 phone call, she contacted Dr. Catherine Macyko at the Naval Hospital regarding a sibling of Timothy Ellis, Jr., having struck him on the head with a bat. Dr. Macyko testified that no such contact was made by respondent. Hospital records likewise did not reflect such contact. Dr. Macyko further indicated that she did not become aware of any allegations regarding Timothy's being hit in the head with a bat until the child presented to the hospital on June 4.
Based on respondent's allegedly false statements made during this discovery deposition, she was charged with perjury in an *826 official proceeding (§ 837.02(1)) and child abuse (§ 827.04(2)). On June 6, 1994, Lauri Ellis was arraigned and entered a plea of not guilty. Thereafter she filed her motion to dismiss as previously noted.

THE GAUDIN CASE
Gaudin was charged with making false statements under 18 U.S.C. section 1001, which provides as follows:
Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up any trick, scheme or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years or both.
The government conceded "that conviction under this provision requires that the statements be `material' to the Government inquiry, and that `materiality' is an element of the offense that the Government must prove." Gaudin, 115 S.Ct. at 2313. The question in the case, as framed by the court, was "whether it was constitutional for the trial judge to refuse to submit the question of `materiality' to the jury," i.e. "whether respondent was entitled to have this element of the crime determined by the jury." Gaudin, 115 S.Ct. at 2312, 2313.
After first noting its previous decisions that the Fifth and Sixth Amendments of the U.S. Constitution "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt," the Supreme Court addressed each of the government's arguments, including the claim that the court's deciding "materiality" as a question of law was an exception to this rule. The Court concluded that because "materiality" is an element of the crime and the Constitution guarantees that the jury must determine a defendant's guilt of each element, "[t]he trial judge's refusal to allow the jury to pass on the `materiality' of Gaudin's false statements infringed that right." Gaudin, 115 S.Ct. at 2320.
Joined by Justices O'Connor and Breyer, Chief Justice Rehnquist, in a concurring opinion, stressed that because the government had conceded that materiality was an essential element of section 1001, the majority did not resolve the question of whether materiality was an element of the false statement clause of section 1001. The Chief Justice pointed out that
"in determining what facts must be proved beyond a reasonable doubt, the [legislature's] definition of the elements of the offense is usually dispositive." Nothing in the Court's decision stands as a barrier to legislatures that wish to defineor that have definedthe elements of their criminal laws in such a way as to remove issues such as materiality from the jury's consideration.... Within broad constitutional bounds, legislatures have flexibility in defining the elements of a criminal offense.
Gaudin, 115 S.Ct. at 2321 (citations omitted).
Rehnquist thus intimated that the syllogism used by his fellow justices could also support the notion that a trial court may, within constitutional boundaries, determine materiality if materiality was not an element of the crime charged, i.e., where materiality has been effectively removed as an element of the crime by legislative act. The concurring opinion notes that in enacting 18 U.S.C. § 1001, Congress did not speak to the matter of whether materiality is a question of fact for the jury or of law for the judge.

MATERIALITY AS AN ELEMENT OF PERJURY UNDER FLORIDA LAW
Over four decades ago, in Rader v. State, 52 So.2d 105 (Fla.1951), the Florida Supreme Court had occasion to review the issue of materiality as a matter of law in a perjury case. On the question of materiality, the court first quoted from its earlier decision in Keir v. State, 152 Fla. 389, 11 So.2d 886, 888 (1943), which held that to sustain a perjury conviction, not only must "the substance of the alleged false testimony be proven; but it must also be proven that such testimony was *827 material to the issue upon which the trial was had, that it was in fact false testimony, and that the accused knew of its falsity and wilfully and with deliberation swore to it as true." Rader, 52 So.2d at 108. The court then reserved materiality as a question of law for the trial court to decide and cited Wharton's Criminal Evidence as follows:
The materiality of the testimony assigned in perjury is always a question of law, and not of fact; hence the judge, and not the jury, is to pass upon the materiality of the testimony; but like many other questions of law, it may become a mixed question both of law and of fact, in which case the court should admit it, limited by proper instructions.... It is the duty of the court to instruct the jury as to what facts constitute "material testimony."
Id. at 108-109.
Subsequently, in a much cited case on perjury, Gordon v. State, 104 So.2d 524, 530 (Fla.1958), the supreme court defined the elements of perjury then existing under Florida statutory law. Noting that the crime of perjury "condemned by section 837.02, Florida Statutes" was "not clearly defined by the statute," the court quoted the common law definition of perjury:
"At common law perjury was (1) the wilful (2) giving of false testimony (3) on a material point (4) in a judicial proceeding, (5) by a person to whom a lawful oath had been administered."
Id. at 530 (citing Wharton's Criminal Law and Procedure).
The court then delineated the elements of the crime of perjury as follows:
It will be noted from the definition of the crime of perjury that the essential elements are the wilful giving of false testimony under lawful oath on a material matter in a judicial proceeding.
Id. at 530. See Hirsch v. State, 279 So.2d 866, 869 (Fla.1973)
In Wolfe v. State, 271 So.2d 132 (Fla.1972), the Florida Supreme Court was asked essentially the same question asked of the Supreme Court in Gaudin via a certified conflict. Wolfe argued that the court's deciding materiality in a perjury trial as a matter of law was error because the jury should determine this issue. Id. at 133; see Wolfe v. State, 256 So.2d 533, 535, 536-537 (Fla. 3d DCA 1972). The supreme court resolved the conflict as follows:
We find conflict with Henderson [v. State, 155 Fla. 487, 20 So.2d 649 (1945)] wherein we used language directed to an instruction which we stated "invaded the province of the jury to the extent of taking from it determination of every element of the offense charged except that of the intent of the accused." We said:
"It is elementary that every element of the criminal offense must be proved sufficiently to satisfy the jury [not the court] of its existence."
While this is generally true, we need to clarify in the Henderson holding, consistent with Rader, that "The materiality of the testimony assigned in perjury is a legal question" and that it is therefore a question of law for the judge and not the jury to pass upon, although "it may become a mixed question of both law and of fact." We now adhere to Rader and clarify and extend the statements mentioned in Henderson as above modified to encompass an exception in the situation where materiality may be purely a legal question not for the jury.
Wolfe, 271 So.2d at 133. See Soller v. State, 666 So.2d 992, 993 (Fla. 5th DCA 1996) ("The determination of whether a false statement is `in regard to any material matter' is a question of law.") Rather than remove materiality as an essential element of perjury, the court in Wolfe clearly carved out for this issue an exception to the rule that every element of the crime must be proved to the jury beyond a reasonable doubt.
The reason the court was required to deal with the issues of the elements of perjury and whether materiality was a question for the judge or the jury is because of the vagueness of the pre-1975 statute. For example, in 1971, section 837.02 provided:
Whoever being lawfully required to depose the truth in any proceeding in a court of justice, commits perjury, shall, if the perjury is committed on the trial of an indictment for a capital crime be guilty of a felony of the first degree ...; and if committed *828 in another case, guilty of a felony of the second degree....
Ch. 71-136, § 998, 1971 Fla. Laws.
As can be seen, this statute fails to define the crime of perjury at all. The 1974 legislature rewrote the perjury statute, codifying section 837.02 in its current form effective July 1, 1975. See Ch. 74-383, §§ 53-58, 1974 Fla. Laws. Section 837.02 now clearly defines the elements of perjury consistent with previous case law and does in fact include the words "material matter." As part of the rewriting of Chapter 837, however, the Florida Legislature also added a definition section (section 837.011(3)) that both defines materiality and provides that materiality is a question of law.
A decade after Wolfe and the substantial amendments to the perjury statute, this court was also presented with the argument that section 837.011(3) and the perjury statute are unconstitutional because they deny an accused his constitutional right to a jury trial. Kline v. State, 444 So.2d 1102, 1103 (Fla. 1st DCA 1984). From an adverse ruling by this court, Kline sought review by the Florida Supreme Court urging the precise issue that is before us in the instant case. Such review was denied, 451 So.2d 849 (Fla. 1984).
In Kline, this court addressed the issue, as follows:
[W]e decline to address this particular question since our research has revealed that the Florida Supreme Court has considered this question and has held that materiality remains a question of law for the judge though, like many other questions of law, it may become a mixed question of law and fact. Although the Supreme Court's reported decision in Wolfe does not reveal that this particular constitutional argument was considered, we note that the Third District Court of Appeal's decision in [Wolfe], which the Supreme Court reviewed, indicates that this was an issue in the case. We therefore do not feel constrained to go against the long-standing rule of law in this State....
Kline, 444 So.2d at 1105 (citations omitted).

DISCUSSION
At the outset, I believe it worth noting that in her motion to dismiss, Lauri Ellis did not argue that the statements she made under oath that formed the basis of the perjury charges against her were immaterial or somehow unrelated to the investigation into the tragic death of her stepson. Instead, she mounted a broad-brush constitutional attack upon the perjury statute itself. Although only partially successful, her challenge squarely placed before us the question which the Chief Justice and Justices O'Connor and Breyer believed was unanswered by Gaudin, to wit: May a legislature define the elements of a criminal offense in such a way as to remove issues such as materiality from the jury's consideration? If that question be answered in the affirmative, as I believe it should be, the issue then becomes: Did the Florida Legislature in 1974 effectively remove materiality as an essential element of the crime of perjury? Again, for the reasons that follow, I would likewise answer that question in the affirmative.
Although it is true that the words "material matter" appear in the body of section 837.02, it is also true that section 837.011(3), in addition to defining "material matter", provides that materiality "in a given factual situation is a question of law." What might appear at first reading to be an ambiguity or an inconsistency, turns out, on closer analysis, to my mind, at least, to be altogether reasonable and logical.
All knowingly false statements willfully made under oath by one in an official proceeding do not amount to perjury. Lies under oath about matters not pertinent, relevant, or material to the subject matter of the proceeding may bear on witness credibility and be loathsome and reprehensible to our minds, yet they are not perjurious. For example, suppose that in preliminary questioning during the same discovery deposition in which the alleged perjurious statements in the case at hand were made, the questioner asked Ms. Ellis if anyone in her family had ever used an alias in the past. Suppose also that she answered "no" and the State had irrefutable proof that in Ellis' immediate presence her sister had given a name other than her own during an earlier shoplifting *829 investigation in which Ellis and her sister were involved. Were the State to charge her with perjury based upon her "no" answer, as night follows day, her counsel would surely file a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4)[6] alleging that there were no disputed material facts and the undisputed facts did not establish a prima facie case of guilt of the crime of perjury because her "no" answer was not pertinent to the matter then at hand. In the proposed hypothetical, then, the court would make a pre-trial determination of materiality as a matter of law.
Should no such motion be made pre-trial and the matter go to trial on the hypothetical facts outlined above, surely defense counsel would move for a judgment of acquittal at the conclusion of the State's case contending that Ellis' "no" answer did not relate to a "material matter." I cannot believe that Gaudin requires that the trial court defer to the jury on the matter of materiality in either of the above circumstances.
On the same hypothetical facts, suppose the matter of materiality is submitted to the jury as the majority opinion finds that Gaudin requires, and Ms. Ellis is convicted of perjury. The seemingly inevitable motion for judgment of acquittal notwithstanding the jury verdict or a motion for a new trial raising the materiality issue would be presented to the trial court and presumably, if the majority is correct, the trial court would be obliged to deny such motion because the jury had spoken to the matter of materiality. Again, I cannot accept that Gaudin would so tie the hands of the trial court.
In my view, a compelling case can be made for the proposition that in rewriting the perjury statute, the 1974 Legislature added the words "material matter" to 837.02 only to minimize the prospect that an accused would be convicted of perjury for lying under oath regarding a subject that had no bearing on the course or outcome of the proceeding in which the false statements were made. I do not believe that, by adding these words, the Legislature intended to make materiality an essential element of the crime of perjury.[7]
Unlike Gaudin wherein the government conceded that materiality was an essential element of the crime condemned by 18 U.S.C. § 1001, the State makes no such concession in the case at bar. To be remembered also is that in Gaudin the Supreme Court focused on and rejected the government's reliance on prior case law. Here the State relies on a legislative enactment reserving materiality for the court to decide.
While I would concede that the statutory definition of materiality might admit of more than one interpretation, it is too well settled in our law to contest that we are obliged to construe the statute at hand in a manner that would sustain its constitutionality if there is any reasonable basis for doing so. See Rostker v. Goldberg, 453 U.S. 57, 101 S.Ct. 2646, 69 L.Ed.2d 478 (1981); Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So.2d 981 (Fla.1981); State v. Keaton, 371 So.2d 86 (Fla.1979); Sarasota Co. v. Barg, 302 So.2d 737 (Fla.1974). Every reasonable doubt should be resolved in favor of the constitutionality of a legislative act, since the presumption of constitutionality continues until the contrary is proven beyond all reasonable doubt. See State v. Kinner, 398 So.2d 1360 (Fla.1981); State v. Cormier, 375 So.2d 852 (Fla.1979). If a statute which is claimed to be unconstitutional is susceptible of two interpretations, one which would lead to a finding of unconstitutionality and the other of validity, we are law-bound to adopt the construction which will support the validity of the statute. See City of Daytona Beach v. Del Percio, 476 So.2d 197 (Fla.1985); Boynton v. State, 64 So.2d 536 (Fla.1953). In testing the constitutionality of a statute, the court should take into consideration the whole of the act, and may consider its history, the evil to be corrected or the object to be obtained, and the intention of the lawmaking *830 body. See Scarborough v. Newsome, 150 Fla. 220, 7 So.2d 321 (1942); Snively Groves v. Mayo, 135 Fla. 300, 184 So. 839 (1938). When a subject lies within the police power of the state, debatable questions as to the reasonableness of the exercise of that power are not for the courts but for the legislature to determine. See Gandy v. Borras, 114 Fla. 503, 154 So. 248 (1934).
Section 837.011(3) provides that a matter is material in perjury if on "any subject regardless of its admissibility under the rules of evidence, which could affect the course or outcome of the proceeding." If the emphasized language means that it was reasonably likely or reasonably possible or somewhat probable to have affected the course or outcome of the proceeding in which they were made, then a good argument can be advanced that the trial judge would have to engage in a fact finding mission which is properly the function of the jury. If, on the other hand, these words mean that the court must decide whether the alleged perjurious statements bear on or have some relationship to the proceeding, then such an inquiry is not substantially different from a ruling a judge makes in deciding whether or not evidence is relevant, i.e., material, to the proceeding then at hand.
I likewise consider it significant that the Standard Jury Instruction on perjury dated June 1992 and approved by the Florida Supreme Court does not include materiality as an essential element of the crime of perjury. Instead, it provides:
The law requires the judge to decide if the alleged statement is material and I have decided that it is material. Therefore, you will not further concern yourself with this issue.[8]
While I am aware that supreme court approval, i.e., authorization to publish and use jury instructions in appropriate cases, does not "relieve the trial judge of his responsibility under the law properly and correctly to charge the jury in each case," the fact is that the above jury instruction has been in use for some years now. See In re Standard Jury Instructions In Criminal Cases, 327 So.2d 6 (Fla.1976). If Gaudin is indeed applicable to perjury prosecutions under Florida law, some attention will need to be given to this matter by the Florida Supreme Court.

CONCLUSION
I believe it to be perfectly reasonable to conclude that the legislature intended the words "material matter" in section 837.02 to limit those subjects that can give rise to perjury prosecutions for false statements under oath in certain settings. Clearly, such statements related to a matter which is immaterial to the proceedings at hand, detestable though they be, do not amount to perjury.
I suggest that there is a mind-set in the average juror to condemn any false statement made under oath and, in the hands of a persuasive prosecutor, lies told under oath by an accused about any matter may lead to the conviction of the liar of perjury. In such instances, it is only the court that stands as a barrier between an immaterial lie and a jail cell.
Remembering that it is a constitution we are construing, we must be on guard not to expand the role of the court in the process, particularly when to do so serves to invalidate what, to my mind, is a perfectly legitimate exercise of legislative power.
For the forgoing reasons, I respectfully dissent.
NOTES
[1] "Whoever makes a false statement, which he does not believe to be true, under oath in an official proceeding in regard to any material matter shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
[2] "`Material matter' means any subject, regardless of its admissibility under the rules of evidence, which could affect the course or outcome of the proceeding. Whether a matter is material in a given factual situation is a question of law."
[3] 18 U.S.C. § 1001
[4] Indeed, since Gaudin was decided, panels of the 2nd, 5th, 9th and 11th U.S. Circuit Courts of Appeal have limited the Gaudin holding to prosecutions under section 1001. See, e.g., United States v. Klausner, 80 F.3d 55 (2nd Cir.1996); United States v. Upton, 91 F.3d 677 (5th Cir. 1996); United States v. Taylor, 66 F.3d 254 (9th Cir.1995), cert denied, 520 U.S. 1103, 117 S.Ct. 1105, 137 L.Ed.2d 307 (1997); United States v. Klais, 68 F.3d 1282 (11th Cir.1995), cert denied, ___ U.S. ___, 117 S.Ct. 94, 136 L.Ed.2d 50 (1996).
[5] During the course of the investigation in connection with this matter, an investigator drove from the Ellis home to the hospital over the route taken by Ms. Ellis and confirmed that the travel time was, indeed, fifteen minutes.
[6] This so-called "C-4 procedure" permits a pretrial determination of the law of the case where the facts are not in dispute.
[7] Such a construction of the statute seems to me to be eminently reasonable because by defining material matter in section 837.011(3) and expressly assigning determination of the issue to the court, the legislature removed materiality as an element of the crime to be presented to the jury and assigned it to the court.
[8] In a Note to Judge included in the 1992 version of the Standard Jury Instruction on perjury it is represented that, in addition to materiality, "[q]uestions of the authority to administer oaths, whether the form of the oath or attestation is required or authorized by law, [and] the official or unofficial nature of the proceedings" are likewise matters of law for the court to decide.