723 So.2d 187 (1998)
STATE of Florida, Appellant,
v.
Lauri A. ELLIS, Appellee.
No. 90729.
Supreme Court of Florida.
October 15, 1998.
Rehearing Denied December 15, 1998.
*188 Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Stephen R. White, Assistant Attorney General, Tallahassee, for Appellant.
James T. Miller, Jacksonville, for Appellee.
SHAW, Justice.
We have on appeal State v. Ellis, 22 Fla. L. Weekly D1298, 722 So.2d 824 (Fla. 1st DCA 1997), wherein the district court declared section 837.011(3), Florida Statutes (1993), unconstitutional. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We reverse Ellis.
Lauri Ellis telephoned the Naval Hospital at the Naval Air Station in Jacksonville, Florida, on June 4, 1994, and said that her two year-old stepson, Timothy Jr., had suffered a seizure. A hospital employee told Ellis to call 911 and have the boy treated at the nearest emergency facility. Instead, Ellis drove Timothy to Naval Hospital, arriving an hour and twenty minutes after her phone call. The child was suffering from a massive head wound and later died.
Ellis' husband, Timothy Sr., was charged with murder and Ellis subsequently testified under oath during a discovery deposition that after ending the phone call on June 4, she proceeded directly to Naval Hospital with her stepson and arrived there within fifteen minutes of the phone call. She also testified that several weeks earlier, on May 18, 1994, she told Dr. Macyko at Naval Hospital that a child had struck Timothy Jr. on the head with a baseball bat. Based on these statements, Ellis was charged with perjury in an official proceeding. Prior to her trial, Ellis filed a motion to dismiss the charge, arguing that the perjury statute is invalid. The trial court agreed and held the statute unconstitutional. The district court affirmed.
Ellis contendsand the district court heldthat Florida's perjury statute is invalid because it removes an element of the offense, i.e., materiality, from the jury's consideration in violation of United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). We disagree.
Michael Gaudin was charged with making false statements on federal loan documents in violation of 18 U.S.C. section 1001 (1994), which provides:
Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.
Gaudin, 515 U.S. at 509, 115 S.Ct. 2310. The trial court, rather than submitting the issue of materiality to the jury, determined on its own that Gaudin's false statements were material, and he was convicted following a jury trial.
The United States Supreme Court reversed the conviction[1] because the trial court, rather than the jury, had determined an essential element of the crime:
The Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged; one of the elements in the present case is materiality; respondent therefore had a right to have the jury decide materiality.
*189 Id. at 511, 115 S.Ct. 2310. Chief Justice Rehnquist noted a key point: "The Government has conceded that ... `materiality' is an element of the offense that the Government must prove in order to sustain a conviction." Id. at 523, 115 S.Ct. 2310 (Rehnquist, C.J., concurring). In contrast, the State of Florida in the instant proceeding makes no such concession.
Florida's statute defining perjury in an official proceeding differs from the federal statute in Gaudin in a key respect: Under the Florida scheme, "materiality" is not a statutory element of the offense. Section 837.02 defines the crime of perjury in an official proceeding and limits the statute's sweep to those false statements that concern "material matters":
Whoever makes a false statement, which he does not believe to be true, under oath in an official proceeding in regard to any material matter shall be guilty of a felony of the third degree....
§ 837.02(1), Fla. Stat. (1993). Unlike the federal statute in Gaudin, the Florida statutory scheme expressly provides that the issue of materiality is a question of law for the court to decide, not a question of fact for the jury:
"Material matter" means any subject, regardless of its admissibility under the rules of evidence, which could affect the course or outcome of the proceeding. Whether a matter is material in a given factual situation is a question of law.

§ 837.011(3), Fla. Stat. (1993) (emphasis added). Cf. § 837.021(2), Fla. Stat. (1993) ("The question of whether a statement was material is a question of law to be determined by the court.").[2]
Florida's standard jury instruction on perjury is an accurate statement of the law:
Before you can find the defendant guilty of [Perjury Not in an Official Proceeding] [Perjury in an Official Proceeding], the State must prove the following five elements beyond a reasonable doubt:

(1) (Defendant) took an oath or otherwise affirmed that [he][she] was obligated by conscience or by law to speak the truth in (describe proceedings, official or unofficial, in which the alleged oath was taken).
(2) The oath or affirmation was made to (person allegedly administering oath), who was a (official capacity).
(3) (Defendant), while under an oath, made the statement (read from charge).
(4) The statement was false.
(5) (Defendant) did not believe the statement was true when [he][she] made it.
....
The law requires the judge to decide if the alleged statement is material, and I have decided that it is material. Therefore, you will not further concern yourself with this issue.
Fla. Std. Jury Instr. (Crim.) 243 (emphasis added).
Florida's statutory scheme violates none of the principles underlying Gaudin, for as Chief Justice Rehnquist explained:
Nothing in the Court's decision stands as a barrier to legislatures that wish to defineor that have definedthe elements of their criminal laws in such a way as to remove issues such as materiality from the jury's consideration. We have noted that "`[t]he definition of the elements of a criminal offense is entrusted to the legislature....'" Within broad constitutional bounds, legislatures have flexibility in defining the elements of a criminal offense. Federal and State legislatures may reallocate burdens of proof by labeling elements as affirmative defenses, or they may convert elements into "sentencing factor[s]" for consideration by the sentencing court.
Gaudin, 515 U.S. at 525, 115 S.Ct. 2310 (Rehnquist, C.J., concurring) (citations omitted).
In sum, "materiality" is not an element of the crime of perjury in Florida as Ellis proposes, but rather is a threshold issue that a court must determine prior to trial, as *190 with any other preliminary matter.[3] Just as the Florida Legislature could have defined materiality as an affirmative defense that the defendant must raise, that body is within its rights in designating "material matter" as a threshold issue for the court. This division of labor between court and jury guarantees that no Florida citizen will be haled into court for an immaterial falsehood or be prosecuted for a trifle:
[T]here is a mind-set in the average juror to condemn any false statement made under oath and, in the hands of a persuasive prosecutor, lies told under oath by an accused about any matter may lead to the conviction of the liar of perjury. In such instances, it is only the court that stands as a barrier between an immaterial lie and a jail cell.
Ellis, 22 Fla. L. Weekly at D1301, 722 So.2d at 830 (Miner, J., dissenting).
Our decision today comports with this Court's time-honored rule favoring the constitutionality of statutes. See, e.g., State v. Stalder, 630 So.2d 1072, 1076 (Fla.1994) ("[I]n assessing a statute's constitutionality, this Court is bound `to resolve all doubts as to the validity of [the] statute in favor of its constitutionality.'"). We reverse Ellis and uphold the constitutionality of section 837.011(3), Florida Statutes (1993), as explained herein.
It is so ordered.
HARDING, C.J., and OVERTON and WELLS, JJ., concur.
ANSTEAD, J., dissents with an opinion, in which KOGAN and PARIENTE, JJ., concur.
ANSTEAD, Judge, dissenting.
This Court's opinion reverses the First District's decision in State v. Ellis, 22 Fla. L. Weekly D1298, 722 So.2d 824 (Fla. 1st DCA 1997), declaring section 837.011(3), Florida Statutes (1993), unconstitutional in that it removes an element of the offense, materiality, from the jury's consideration in direct violation of the holding in United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). In Gaudin, the United States Supreme Court held that it was a violation of the U.S. Constitution for the trial court, rather than the jury, to determine the same issue of materiality as a matter of law.[4]
This Court's opinion erroneously asserts that the Florida statute defining perjury in an official proceeding differs from the federal statute in Gaudin[5] and that "[u]nder the Florida scheme, `materiality' is not a statutory element of the offense." The relevant *191 portion of the perjury statute reads as follows:
(1) Whoever makes a false statement, which he or she does not believe to be true, under oath in an official proceeding in regard to any material matter shall be guilty of a felony of the third degree, punishable as provided.
§ 837.02, Fla. Stat. (1993) (emphasis supplied). A plain reading of the statute and, indeed, of Florida case law, indicates that materiality is, indeed, a statutory element.[6] The First District's opinion correctly explains that the Supreme Court's holding in Gaudin supersedes decisions which permit the issue to be withdrawn from the jury. The Supreme Court in Gaudin explicitly declared:
Deciding whether a statement is "material" requires the determination of at least two subsidiary questions of purely historical fact: (a) "what statement was made?"; and (b) "what decision was the agency trying to make?". The ultimate question: (c) "whether the statement was material to the decision," requires applying the legal standard of materiality (quoted above) to these historical facts. What the Government apparently argues is that the Constitution requires only that (a) and (b) be determined by the jury, and that (c) may be determined by the judge. We see two difficulties with this. First, the application-of-legal-standard-to-fact sort of question posed by (c), commonly called a "mixed question of law and fact," has typically been resolved by juries. See J. Thayer, A Preliminary Treatise on Evidence at Common Law 194, 249-250 (1898). Indeed, our cases have recognized in other contexts that the materiality inquiry, involving as it does "delicate assessments of the inferences a `reasonable [decisionmaker]' would draw from a given set of facts and the significance of those inferences to him, ... [is] peculiarly on[e] for the trier of fact." TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 450, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976) (securities fraud); McLanahan v. Universal Ins. Co., 1 Pet. 170, 188-189, 191, 7 L.Ed. 98 (1828) (materiality of false statements in insurance applications).
....
In sum, we find nothing like a consistent historical tradition supporting the proposition that the element of materiality in perjury prosecutions is to be decided by the judge. Since that proposition is contrary to the uniform general understanding (and we think the only understanding consistent with principle) that the Fifth and Sixth Amendments require conviction by a jury of all elements of the crime, we must reject those cases that have embraced it. Though uniform postratification practice can shed light upon the meaning of an ambiguous constitutional provision, the practice here is not uniform, and the core meaning of the constitutional guarantees is unambiguous.
515 U.S. at 512-19, 115 S.Ct. 2310.
Because the Supreme Court's opinion in Gaudin is based on the U.S. Constitution, I believe that the First District correctly concluded that neither this Court nor the state legislature can override this requirement for jury resolution of a required element of the crime.
KOGAN and PARIENTE, JJ., concur.
NOTES
[1] The United States Supreme Court affirmed the federal circuit court's reversal of the conviction. See United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).
[2] Several decisions of the Court address perjury prior to enactment of the above statutes. See, e.g., Hirsch v. State, 279 So.2d 866 (Fla.1973); Wolfe v. State, 271 So.2d 132 (Fla.1972); Gordon v. State, 104 So.2d 524 (Fla.1958); Rader v. State, 52 So.2d 105 (Fla.1951).
[3] See, e.g., § 90.105(1), Fla. Stat. (1993) ("[T]he court shall determine preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence."); § 90.105(3), Fla. Stat. (1993) ("Hearings on the admissibility of confessions shall be conducted out of the hearing of the jury."); Fla. R.Crim. P. 3.133 (pretrial probable cause determination); Fla. R.Crim. P. 3.140(o) (dismissal of indictment or information); Fla. R.Crim. P. 3.150 (joinder of offenses and defendants); Fla. R.Crim. P. 3.152 (severance of offenses and defendants); Fla. R.Crim. P. 3.190(b) (motion to dismiss); Fla. R.Crim. P. 3.190(h) (motion to suppress evidence in unlawful search); Fla. R.Crim. P. 3.190(i) (motion to suppress confession or admission illegally obtained); Fla. R.Crim. P. 3.191 (speedy trial); Fla. R.Crim. P. 3.210 (incompetence to proceed); Fla. R.Crim. P. 3.240 (change of venue).
[4] The crime involved in Gaudin was making material false statements in a matter within the jurisdiction of a federal agency. The judge determined the element of materiality, refusing to submit it to a jury. However, as Judge Miner points out in his dissent, the United States Courts of Appeals of the Second, Fifth, Ninth and Eleventh Circuits have since limited the Gaudin holding to prosecutions under 18 U.S.C. § 1001 (1994). See, e.g., United States v. Klausner, 80 F.3d 55 (2nd Cir.1996); United States v. Upton, 91 F.3d 677 (5th Cir.1996); United States v. Taylor, 66 F.3d 254 (9th Cir.1995), cert. denied, 520 U.S. 1103, 117 S.Ct. 1105, 137 L.Ed.2d 307 (1997); United States v. Klais, 68 F.3d 1282 (11th Cir.1995), cert. denied, ___ U.S. ___, 117 S.Ct. 94, 136 L.Ed.2d 50 (1996).
[5] 18 U.S.C. § 1001 provides:

[W]hoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.
[6] "The elements of the crime of perjury have been set out in Gordon v. State, 104 So.2d 524 (Fla.1958), as (1) the wilful (2) giving of false testimony (3) on a material point (4) in a judicial proceeding (5) by a person to whom a lawful oath has been administered." State v. Marlow, 501 So.2d 136, 137-38 (Fla. 2d DCA 1987).